LITTLER MENDELSON, P.C.
One Newark Center – 8th Floor
Newark, New Jersey 07102
*Attorneys for Defendants*
  *Salisbury Bank and Trust Company and Salisbury Bancorp, Inc.*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM GUNNAR TRUITT,<br><br>Plaintiff,<br><br>-against-<br><br>SALISBURY BANK AND TRUST COMPANY; AND SALISBURY BANCORP, INC.,<br><br>Defendants. | Civil Action No. : 7:18-cv-8386<br><br>**NOTICE OF REMOVAL** |

**TO:   THE CLERK AND THE HONORABLE JUDGES
OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Salisbury Bank and Trust Company and Salisbury Bancorp, Inc. (together, "Defendants") hereby remove the above-captioned action, pending in the Supreme Court of the State of New York, Dutchess County, to the United States District Court for the Southern District of New York. In support of its Notice of Removal, Defendants respectfully allege as follows:

1. Plaintiff William Gunnar Truitt ("Plaintiff") commenced this action on or about August 22, 2018 by filing a Complaint in the Supreme Court of New York, County of Dutchess, captioned *William Gunnar Truitt v. Salisbury Bank and Trust Company, et al.*, Index. No. 2018-52675 (the "State Court Action"). The State Court Action is pending in that court. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. Defendants were served with a copy of the Summons and Verified Complaint on August 24, 2018. This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3. The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

4. Specifically, Plaintiff is an individual and a resident and a citizen of Hyde Park, New York. (Exhibit A, Complaint, ¶7). Defendant Salisbury Bank and Trust Company is incorporated in the State of Connecticut with its principal place of business in Lakeville, Connecticut. (Exhibit A, Complaint, ¶2). Salisbury Bancorp, Inc., the parent company of Salisbury Bank and Trust, is also incorporated in the State of Connecticut with its principal place of business in Lakeville, Connecticut. (Exhibit A, Complaint, ¶5).

5. The matter in controversy in the State Court Action exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332(a), computed on the following basis:

    a. The Complaint filed by Plaintiff alleges a violation of the New York Labor Law Section 201-d. He seeks monetary damages for loss of past and future income, commissions, benefits and other potential compensation, compensation for damage to Plaintiff's professional reputation and future earning potential, compensation for damage done to Plaintiff's political campaign, compensation for mental anguish and punitive damages, as well as attorneys' fees and costs and pre-and post-judgment interest as provided by law. (Exhibit A, Complaint, Prayer for Relief).

    b. His Complaint alleges that he "has lost a position worth over $150,000 per year plus benefits." (Exhibit A, Complaint, ¶31).

c. He further alleges that, if elected as a New York State Assemblymember, he would be paid approximately $80,000 per year while also accruing time towards a New York State pension. (Exhibit A, Complaint, ¶32).

6. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be submitted for filing with the Clerk of the New York State Supreme Court, Dutchess County, and a copy of the Notice to State Court of Filing of Notice of Removal has been attached as **Exhibit B**.

7. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served on Plaintiff's Counsel, Ted McCullough, Esq. and Caughlan Law Offices, LLP, and a copy of the Notice to Adverse Party of Filing of Notice of Removal has been attached as **Exhibit C**.

8. Defendants file this Notice of Removal solely for the purpose of removing the instant action and do not waive, and specifically reserves, any and all defenses.

WHEREFORE, Defendants pray that this action be removed to this Court, that this Court accept jurisdiction of this action henceforth and that this action be placed on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

Date: September 14, 2018
Newark, New Jersey

/s/ Lindsay M. Sorin
Lindsay M. Sorin
LITTLER MENDELSON
  A Professional Corporation
One Newark Center – 8th Floor
Newark, New Jersey 07102
973.848.4700

*Attorneys for Defendants*
  *Salisbury Bank and Trust Company and*
  *Salisbury Bancorp, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of September, 2018, she caused a true and correct copy of the annexed Notice of Removal to be served via email and regular mail, upon the following:

> McCullough Ginsburg Montano & Partners LLP
> 122 E. 42nd Street, Suite 3505
> New York, New York 10168
> tmccullough@mgpllp.com
>
> Coughlan Law Offices, LLP
> P.O. Box 72, 22 Hutton Street
> Rhinecliff, New York 12574
> coughlanlawoffices@gmail.com

*/s/ Lindsay M. Sorin*
Lindsay M. Sorin