# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** Dutchess County

-------------------------------------------------------------x

William Gunnar Truitt,

Plaintiff/Petitioner,

- against -

Salisbury Bank and Trust Company; and Salisbu

Index No.2018-52675

Defendant/Respondent.

-------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING

**You have received this Notice because:**

• The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and

• You are a Defendant/Respondent (a party) in this case.

(CPLR § 2111, Uniform Rule § 202.5-bb)

**If you are represented by an attorney**: give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney**: you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.

**Benefits of E-Filing**
You can:

• serve and file your documents electronically

• view your case file on-line

• limit your number of trips to the courthouse

• pay any court fees on-line.

There are no additional fees to e-file, view, or print your case records.

To sign up for e-filing or for more information about how e-filing works, you may:

• visit: www.nycourts.gov/efile-unrepresented or

• go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

Page 1 of 2

EFM-1

(               (

## Information for Attorneys

An attorney representing a party who is served with this notice must either:

    1) immediately record his or her representation within the e-filed matter on the NYSCEF site https://iapps.courts.state.ny.us/nyscef/HomePage; or

    2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 8/24/2018

Robert Lower

       Name

McCullough Ginsberg Montano & Partn

       Firm Name

122 E 42nd Street, Suite 3505

       Address

New York, NY 10168

646-435-0300

       Phone

rlower@mgpllp.com

       E-Mail

To:

11/20/17

Index  #                    Page 2 of 2              EFM-1

FILED: DUTCHESS COUNTY CLERK 08/22/2018 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 2018-52675

RECEIVED NYSCEF: 08/23/2018

**McCULLOUGH GINSBERG
MONTANO & PARTNERS LLP**
122 E 42nd Street, Suite 3505
New York, NY 10168
Tel: (646) 435-0300
tmccullough@mgpllp.com
*Attorneys for Plaintiff*

Coughlan Law Offices, LLP
P.O. Box 72, 22 Hutton St.
Rhinecliff, NY 12574
Tel: (845) 802-6684
coughlanlawoffices@gmail.com
*Co-counsel for Plaintiff*

RECEIVED

AUG 24 2018

BY: B. Brown 2:45 PM

**SUPREME COURT OF THE STATE
OF NEW YORK
DUTCHESS COUNTY**
-----------------------------------------------------------x

William Gunnar Truitt,

                              Plaintiff,

vs.

Salisbury Bank and Trust Company; and
Salisbury Bancorp, Inc.,

                              Defendants.

-----------------------------------------------------------x

**SUMMONS AND VERIFIED COMPLAINT**

Index No: _____

August 21, 2018

Plaintiff Designates Dutchess County as the Place of Trial and Requests Trial by Jury

The Basis of Venue is Place of Employment, the Locus of the Tort, and Domicile of the Plaintiff

FILED: DUTCHESS COUNTY CLERK 08/22/2018 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 2018-52675

RECEIVED NYSCEF: 08/23/2018

## TO THE ABOVE NAMED DEFENDANTS:

You hereby summoned to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on Plaintiff's Attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York). In the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      August 21, 2018

McCULLOUGH GINSBERG
MONTANO & PARTNERS LLP
122 E 42nd Street, Suite 3505
New York, NY 10168
Tel: (646) 435-0300
tmccullough@mgpllp.com
*Attorneys for Plaintiff*
By:

Ted McCullough

2

FILED: DUTCHESS COUNTY CLERK 08/22/2018 02:29 PM   INDEX NO. 2018-52675
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 08/23/2018

## PRELIMINARY STATEMENT

Plaintiff William Gunnar Truitt ("Mr. Truitt") brings this suit against Salisbury Bank and Trust Company ("Bank") and Salisbury Bancorp, Inc. (collectively "Defendants"), for violating New York Labor Law by retaliating against Mr. Truitt and wrongfully terminating his employment due to Mr. Truitt's political activities.

Mr. Truitt is and has been an elected official in Dutchess County since 2015, which was disclosed to and known by the Bank at the time of his hiring in February 2018. Less than three months into Mr. Truitt's rapidly-progressing employment with the Bank, Mr. Truitt announced his intention to continue his political service by running for New York State Assembly District 106 on Facebook. Mr. Truitt was endorsed for that Office by the Republican Parties for Dutchess and Columbia counties (which comprise District 106).

Almost immediately after Mr. Truitt announced his intention to run for District 106, Mr. Truitt was callously terminated by the Bank solely and exclusively because of the Bank's ties to Mr. Truitt's incumbent Democratic opponent for District 106 in flagrant violation of New York Labor Law Section 201-d. As a result of Defendants' willful and unlawful conduct, Mr. Truitt is entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

## THE PARTIES AND JURISDICTION

1.    The Bank Defendant is a bank and trust company with a branch office for the transition of business located at 11 Garden Street, Poughkeepsie, NY 12601. Mr. Truitt was hired by the Bank in February of 2018 to work out of the Bank's Poughkeepsie office, and within the jurisdictional confines of this Court.

2.    The Bank is incorporated in the state of Connecticut with headquarters in Lakeville, CT.

3

FILED: DUTCHESS COUNTY CLERK 08/22/2018 02:29 PM   INDEX NO. 2018-52675
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 08/23/2018

3.      This Court has jurisdiction over the present controversy in that Defendants are conducting businesses in the State of New York.

4.      Venue in this Court is proper because the actions complained of herein were committed within the jurisdictional confines of the State of New York and County of Dutchess and/or because Defendants are conducting business in Dutchess County, New York.

5.      Upon information and belief, Salisbury Bancorp, Inc. is a publicly traded company (NASDAQ: SAL) incorporated in the state of Connecticut with headquarters in Lakeville, Connecticut and is the parent company of the Bank.

6.      Upon information and belief, Salisbury Bancorp, Inc. controls and is responsible for the conduct of the Bank.

7.      Mr. Truitt is a resident of Dutchess County and lives in Hyde Park, New York.

8.      Mr. Truitt is a 2017 honors graduate of Marist College, where he obtained a B.S. in Business Administration with a concentration in finance.

9.      Mr. Truitt was elected to the County Legislature of Dutchess County in 2015, while he was still attending college.

10.     Mr. Truitt was elected as a Republican representing the 7th District in the Dutchess County Legislature.

11.     In 2017, the voters in Dutchess County reelected Mr. Truitt to the 7th District in the Dutchess County Legislature.

12.     Commencing at or around February 26, 2018 and until the date of his termination, Mr. Truitt was employed by the Bank for the purpose of originating mortgage loans.

13.     Mr. Truitt was eligible to participate in Defendants' incentive compensation program.

4

FILED: DUTCHESS COUNTY CLERK 08/22/2018 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 2018-52675

RECEIVED NYSCEF: 08/23/2018

14.   Mr. Truitt was at all times relevant herein up until the date of his termination an employee of Bank within the meaning of the relevant provisions of New York Labor Law.

## FACTUAL BACKGROUND

15.   The Bank offered Mr. Truitt a position in finance in late January of 2018 knowing that Mr. Truitt already had a part-time job as an elected Dutchess County Legislator. When Mr. Truitt started his employment with the Bank in February of 2018, the Bank was well aware that Mr. Truitt had a part-time job as a Dutchess County Legislator.

16.   Upon Mr. Truitt's graduation from Marist College with honors in 2017, the Bank was swift in hiring Mr. Truitt.

17.   Mr. Truitt's basic compensation structure entailed a base salary plus benefits and the bulk of his compensation was to be commission-based. The commission portion of Mr. Truitt's compensation was to be based on the amount of residential and commercial loans that he originated in the state of New York. Mr. Truitt was informed that the other two loan originators employed by the Bank were compensated in excess of $150,000 per year and that Mr. Truitt could reasonably expect similar compensation.

18.   While employed by the Bank, Mr. Truitt progressed through the Bank's mortgage origination training much faster than average. The Bank was so confident in Mr. Truitt's skills and training that the Bank sponsored him for and provided him with a Nationwide Mortgage Licensing System identification number.

19.   Thereafter, the Bank approved Mr. Truitt meeting his first potential lending client in Newburgh, New York. Two executives of the Bank attended that meeting by phone and, at the

5

FILED: DUTCHESS COUNTY CLERK 08/22/2018 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 2018-52675

RECEIVED NYSCEF: 08/23/2018

end of the meeting, provided laudatory feedback to Mr. Truitt regarding his performance with the prospective client.

20.    At the time Mr. Truitt was hired, he was a 22-year old man with an honors degree, a lucrative position at a reputable financial institution, and already a two-term elected official in Dutchess County.  The Bank changed that in a heartbeat after learning that Mr. Truitt had decided to run for a New York citizen legislature position that is currently held by a Democratic politician with strong connections to the Bank's Board of Directors.

21.    Mr. Truitt formally started his employment with the Bank on or around February 26, 2018.  Mr. Truitt reported to Douglas Cahill (Vice President, Director of Human Resources) and Amy Raymond (Senior Vice President Retail Lending and Commercial Operations).  Mr. Truitt was also trained by Maria Seeley in the Poughkeepsie office.

22.    Mr. Truitt had a dual report to Amy Raymond and Assistant Vice President Andrea MacArthur.

23.    In a Facebook post on or around April 12, 2018, Mr. Truitt announced his campaign for the office of New York State Assembly District 106, a part-time citizen legislature position.[1]  At this time, Mr. Truitt was still unaware of the strong connections between Bank's Board of Directors and the incumbent Democratic Assemblymember for District 106.

24.    Approximately one day later, on Friday the 13th, Mr. Truitt was asked to attend an unscheduled meeting wherein Douglas Cahill and Amy Raymond informed him that they were aware of his candidacy for New York State Assembly District 106 and concerned about the possibility of him holding that office.  Mr. Cahill and Ms. Raymond told Mr. Truitt to submit a

---

[1] New York State Assemblymembers frequently hold full-time outside employment.  Regarding the State Assembly, New York's Governor Andrew Cuomo has stated "part-time legislators" are "the design of the system," noting that "[t]he thought is it's better to not have a full-time legislators."  NY State of Politics, http://www.nystateofpolitics.com/2013/07/cuomo-dislcosure-provides-for-significant-information/ (last visited Aug. 20, 2018).

6

FILED: DUTCHESS COUNTY CLERK 08/22/2018 02:29 PM          INDEX NO. 2018-52675
NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 08/23/2018

written explanation of the position he was running for and whether it would impact his ability to commit himself to the Bank. Mr. Truitt submitted the requested letter the following Monday.

25.     Approximately two weeks after Mr. Truitt submitted that letter describing the part-time citizen legislature position he was running for, he was informed that Mr. Cahill was coming to Poughkeepsie to discuss the letter with him. During that meeting, Mr. Cahill stated he had recently communicated with Arthur Bassin (a/k/a Art Bassin), a member of the Bank's Board of Directors.

26.     Specifically, Mr. Cahill indicated that Mr. Bassin was not comfortable with Mr. Truitt running for District 106.

27.     Mr. Cahill then told Mr. Truitt that he needed to make a choice between his employment with the Bank and campaign for District 106. Without more, that manufactured ultimatum was a violation of New York Labor Law.

28.     Mr. Truitt then politely asked to meet with the CEO of the Bank, Richard Cantele, who is also a member of the Bank's Board of Directors. That meeting took place in Connecticut on or around April 30, 2018 and lasted approximately 30 minutes. During that meeting, Mr. Cantele indicated that he had also been in communication with Board of Directors member Arthur Bassin, and that Mr. Bassin was not comfortable with Mr. Truitt being both a candidate for District 106 and an employee of the Bank. After that meeting, Mr. Truitt again met with Douglas Cahill, and informed Mr. Cahill that he was still running for District 106, at which point Mr. Cahill terminated Mr. Truitt's employment. These actions by Mr. Cahill, Ms. Raymond, Mr. Cantele, Mr. Bassin, and the Bank violated New York Labor Law.

29.     Arthur Bassin is a Democrat who resides in Columbia County, New York. In addition to serving on the Bank's Board of Directors, Mr. Bassin is the elected Democratic Town Supervisor

7

FILED: DUTCHESS COUNTY CLERK 08/22/2018 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 2018-52675
RECEIVED NYSCEF: 08/23/2018

for Ancram, New York. Mr. Bassin is also a long-time political and financial supporter of Didi Barrett (Dianne Dewitt Barrett), the three-term incumbent Democratic New York Assemblymember for District 106 — the same district for which Mr. Truitt had recently announced his Republican candidacy. Like Mr. Bassin, Ms. Barrett is a Democrat and homeowner in Columbia County. Although the Bank did not disclose it to Mr. Truitt, Mr. Bassin has endorsed Ms. Barrett's candidacies and made contributions to funds such as "Friends of DiDi Barrett for Assembly." Mr. Bassin has also personally contributed several thousand dollars specifically to Ms. Barrett's Democratic campaign for District 106.

30.     Mr. Truitt's run for public office was the one and only reason provided for the termination of his employment. Any retroactive claim by Defendants in this litigation that Mr. Truitt was terminated for any reason other than his political activity would be pretextual, especially in view of the fact that multiple members of the Bank's Board of Directors have personally and specifically contributed to Ms. Barrett's Democratic campaign for New York State Assembly District 106.

31.     Mr. Truitt has been severely and unfairly damaged by the actions of the Bank. By the Bank's own reckoning, Mr. Truitt has lost a position worth over $150,000 per year plus benefits. Mr. Truitt's professional reputation has been prejudiced by the Bank and he will forever have to explain in job interviews why he was terminated from his first position after college by a reputable bank in under three months.

32.     In addition to unlawfully terminating Mr. Truitt, the Bank has undermined Mr. Truitt's political campaign for the District 106 State Assembly race because it was well aware that Mr. Truitt's ability to effectively run for office would become much more difficult if he were stripped of his income and consumed with a search for new employment instead of being a junior

8

FILED: DUTCHESS COUNTY CLERK 08/22/2018 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 2018-52675

RECEIVED NYSCEF: 08/23/2018

executive at a reputable bank. If elected as a New York State Assemblymember, Mr. Truitt would be paid approximately $80,000 per year for his part-time service to the state while accruing time towards a New York State pension.

33. The unfair actions of the Bank were calculated to prevent Mr. Truitt from receiving those benefits, interfere with Mr. Truitt's Republican campaign for District 106, and protect the incumbent Democratic Assemblymember for District 106.

34. As a result of the Bank's abrupt and illegal termination of Mr. Truitt's employment, Mr. Truitt was and continues to be damaged through loss of compensation (including past and future wages), benefits, commissions, earned and unused paid time off, and damage to his professional reputation, all of which has caused him extreme mental languish.

35. Upon information and belief, subsequent to Mr. Truitt's termination from the Bank, the Bank caused a false and misleading email to be sent to Bank employees indicating that Mr. Truitt had chosen to leave his employment to pursue a career in politics. In fact, Mr. Truitt had done everything that he could to maintain his employment with the Bank including presenting the Bank with a written copy of the New York State Legislative Ethics Commission Advisory Opinion regarding Assemblymembers' ability to hold outside employment as well as a schedule for the Assembly demonstrating that his potential Assemblymember role would not interfere with his responsibilities to the Bank.

36. Using personal non-Bank communication devices, a number of Bank employees reached out to Mr. Truitt after his termination to express their shock and dismay that their employer, the Bank, would act so unfairly to Mr. Truitt because of his political activity.

9

FILED: DUTCHESS COUNTY CLERK 08/22/2018 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 2018-52675

RECEIVED NYSCEF: 08/23/2018

## NEW YORK LABOR LAW

37.    The Bank's actions against Mr. Truitt unambiguously violate New York Labor Law Section 201-d, which states:

> [I]t shall be unlawful for any employer . . . to discharge from employment or otherwise discriminate against an individual in compensation, promotion or terms, conditions or privileges of employment because of . . . an individual's political activities. . . .

38.    That statute also includes "running for public office" in its definition of "Political activities." N.Y. Lab. Law § 201-d(1)(a).

## COUNT I

39.    Plaintiff realleges and incorporates by reference all previous paragraphs, including the preliminary statement, as if set forth herein.

40.    The Bank's actions in response to Mr. Truitt's Republican campaign for New York State Assembly District 106 are violative of New York Labor Law Section 201.

41.    In sum, Mr. Truitt was fired because of his Republican campaign for New York State Assembly District 106, and that retaliation is categorically prohibited by the State of New York.

## PRAYER FOR RELIEF

Plaintiff respectfully petitions the Court for the following relief:

1.    A judgment that Defendants are liable for each Count in this complaint.

2.    A judgment that Defendants violated N.Y. Lab. Law § 201-d by discriminating against Mr. Truitt and terminating his employment.

10

FILED: DUTCHESS COUNTY CLERK 08/22/2018 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 2018-52675

RECEIVED NYSCEF: 08/23/2018

3.     Injunctive relief including a Court Order that the Bank issue a letter of recommendation on Mr. Truitt's behalf to mitigate the damage to Mr. Truitt's future employment opportunities.

4.     Monetary damages to Mr. Truitt for his loss of past and future income, commissions, benefits, and other potential compensation.

5.     Compensation for the damage done by the Bank to Mr. Truitt's professional reputation and future earning potential.

6.     Compensation for the damage done by the Bank to Mr. Truitt's political campaign.

7.     Compensation for the mental anguish caused by Mr. Truitt's abrupt and unfair termination by the Bank.

8.     Punitive damages in an amount to be determined by the Jury.

9.     Costs of action incurred herein, including expert fees.

10.    Attorneys' fees, including fees pursuant to New York Labor statutes.

11.    Pre-judgment and post-judgment interest, as provided by law.

12.    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

FILED: DUTCHESS COUNTY CLERK 08/22/2018 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 2018-52675
RECEIVED NYSCEF: 08/23/2018

Dated: New York, New York
    August 21, 2018

Respectfully Submitted,

Ted McCullough
Robert B. Lower
**MCCULLOUGH GINSBERG
MONTANO & PARTNERS LLP**
122 East 42nd Street, Suite 3505
New York, New York 10168
Phone: (646) 747-4677
Facsimile: (646) 349-2217
tmccullough@mgpllp.com
rlower@mgpllp.com
*Attorneys for Plaintiff*

James Coughlan
Coughlan Law Offices, LLP
P.O. Box 72, 22 Hutton St.
Rhinecliff, NY 12574
Phone: (845) 802-6684
coughlanlawoffices@gmail.com
*Co-counsel for Plaintiff*

12

FILED: DUTCHESS COUNTY CLERK   8/22/2018 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 2018-52675

RECEIVED NYSCEF: 08/23/2018

## DEMAND FOR JURY TRIAL.

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

STATE OF NEW YORK )
                  )
COUNTY OF DUTCHESS )

## VERIFICATION

Before me, the undersigned notary public, personally appeared WILLIAM GUNNAR TRUITT, known to me as the person whose name is subscribed below, and being first duly sworn, deposes and states as follows:

That Affiant has reviewed the foregoing VERIFIED COMPLAINT and knows the contents thereof to be true to Affiant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, Affiant believes those matters to be true.

The undersigned affirms that the foregoing statements are true under penalties of perjury.

William Gunnar Truitt

Subscribed and sworn to before me this 2l day of August, 2018.

Notary Public

JAMES L COUGHJAN
NOTARY PUBLIC STATE OF NY
N 02 CO8359072
QUALIFIED IN DUTCHESS COUNTY
COMMISSION EXPIRES MAY 30 2021

13