UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM GUNNAR TRUITT, | Civil Action No.  7:18-cv-08386-NSR |
| Plaintiff, | |
| -against- | |
| SALISBURY BANK AND TRUST COMPANY; AND SALISBURY BANCORP, INC., | |
| Defendants. | |

## DEFENDANTS' ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants Salisbury Bank and Trust Company and Salisbury Bancorp, Inc. (together, "Defendants"), by and through their attorneys, Littler Mendelson, P.C., hereby answer the Complaint ("Complaint") of William Gunnar Truitt ("Plaintiff"), and state as follows:

## AS TO THE PRELIMINARY STATEMENT

Defendants state that the Preliminary Statement purports to summarize the allegations of the Complaint and that no response is necessary.  To the extent a response is required, Defendants admit that Plaintiff purports to proceed as set forth in the preliminary statement, but deny that there is any basis for Plaintiff's claims.

## AS TO THE PARTIES AND JURISDICTION

1.      Except to admit that Salisbury Bank and Trust Company (the "Bank") has a branch office located at 11 Garden Street, Poughkeepsie, New York 12601, and that Plaintiff, following his hiring in February 2018, would work in such office following the completion of his training, Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.      Defendants state that whether jurisdiction is proper is a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that this Court has jurisdiction over Plaintiff's claims, but denies that there is any basis in law or fact for Plaintiff's claims.

4.      Defendants admit that Plaintiff purports that venue properly lies in this District, but states that whether venue is proper is a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that venue in this District is proper, but denies that there is any basis in law or fact for Plaintiff's claims.

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Except to admit that Salisbury Bancorp, Inc. is the holding company of Salisbury Bank and Trust Company, Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore deny the allegations therein.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore deny the allegations therein.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore deny the allegations therein.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore deny the allegations therein.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore deny the allegations therein.

12.     Except to admit that Plaintiff was hired as a Mortgage Originator, Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Except to admit that the Mortgage Originator position is a commissioned-based position following the completion of training, Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 contain a legal conclusion; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations therein.

## AS TO THE FACTUAL BACKGROUND

15.     Except to admit that Defendants were advised by Plaintiff that he was a member of the Dutchess County legislature at the time of hire, who further advised that he was not interested in seeking reelection or another office, Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Except to admit that providing Nationwide Mortgage Licensing System numbers to Mortgage Originator Trainees is standard Bank practice, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Except to admit that Plaintiff had a client meeting in Newburgh, New York, Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Except to admit that Plaintiff started his employment on February 26, 2018 and that Plaintiff reported to Amy Raymond ("Raymond"), Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Except to admit that Plaintiff reported to Raymond and Andrea MacArthur, Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Except to admit that Plaintiff announced his campaign for the office of New York State Assembly District 106 on or around April 12, 2018, Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Except to admit that Douglas Cahill ("Cahill") and Raymond met with Plaintiff to discuss the announcement of his candidacy for the New York State Assembly and that Cahill asked Plaintiff to provide an explanation as to what the job would entail if he were elected, Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Except to admit that on or around April 26, 2018, Cahill met with Plaintiff to discuss Plaintiff's candidacy for the New York State Assembly, Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     The allegations contained in Paragraph 27 of the Complaint call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations contained therein.

28.     The allegations contained in Paragraph 28 of the Complaint call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit that Plaintiff met with Richard Cantele on or around April 30, 2018 and deny the remaining allegations contained therein.

29.     Except to admit that Arthur Bassin serves on the Bank's Board of Directors, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore deny the allegations therein.

30.     The allegations contained in Paragraph 30 of the Complaint call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations contained therein.

31.     The allegations contained in Paragraph 31 of the Complaint call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations contained therein.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     The allegations contained in Paragraph 34 of the Complaint call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations contained therein.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore deny the allegations therein.

## AS TO NEW YORK LABOR LAW

37.     The allegations contained in Paragraph 37 of the Complaint state a conclusion of law as to which no responsive pleading is required.  To the extent a response is required, Defendants admit that Section 201-d states as pleaded but denies that there is any basis for Plaintiff's claims.

38.     The allegations contained in Paragraph 38 of the Complaint state a conclusion of law as to which no responsive pleading is required.  To the extent a response is required, Defendants admit that Section 201-d states as pleaded but denies that there is any basis for Plaintiff's claims.

## AS TO COUNT I

39.     Defendants repeat and incorporate by reference their responses to the preceding allegations of the Complaint as if fully set forth herein.

40.     The allegations contained in Paragraph 40 of the Complaint call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations contained therein.

41.     The allegations contained in Paragraph 41 of the Complaint call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations contained therein.

## AS TO THE PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any judgment or any of the relief set forth in the "WHEREFORE" clause of the Complaint, including subparagraphs (1) to (12).

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which it would not otherwise bear such burden.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendants at all times acted in good faith and with reasonable grounds to believe that they were not violating the New York Labor Law any other anti-discrimination law or statute, or any legal duty owed to Plaintiff.

## THIRD DEFENSE

Defendants employed Plaintiff on an at-will basis and, therefore, could terminate or change the conditions of his employment at any time, with or without prior notice.

## FOURTH DEFENSE

Plaintiff did not engage in "political activities" protected by N.Y. Labor Law § 201-d.

**FIFTH DEFENSE**

Defendants decisions and actions, or failures to act, if any, respecting Plaintiff were neither discriminatory nor motivated by retaliation, but were justified by legitimate, non-discriminatory, non-retaliatory reasons and based on factors other than Plaintiff's alleged political activities.

**SIXTH DEFENSE**

To the extent, if any, that Defendants are found to have violated the New York Labor Law, said violation was not willful and, thus, Plaintiff is not entitled to recover liquidated damages.

**SEVENTH DEFENSE**

Plaintiff's Complaint fails to set forth facts sufficient to state a claim that would support the award of compensatory or punitive damages.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the principles of waiver, estoppel, laches, unclean hands and/or accord and satisfaction.

**NINTH DEFENSE**

Plaintiff is not entitled to injunctive or affirmative relief.

**TENTH DEFENSE**

If Plaintiff purports to allege claims for physical or mental emotional distress, pain or suffering, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the applicable Workers' Compensation Laws.

## ELEVENTH DEFENSE

Plaintiff's claims for monetary relief and damages are barred to the extent he failed to properly mitigate any of his alleged damages.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert such additional defenses that may appear and prove applicable during the course of this action.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to judgment in any amount whatsoever, and respectfully submit that the entire Complaint should be dismissed in its entirety on the merits and with prejudice, and that Defendants be awarded its costs incurred in defending this lawsuit, including its reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems just and proper.


Date:   September 24, 2018
        Newark, New Jersey

                                        */s/ Lindsay M. Sorin*
                                        Lindsay M. Sorin
                                        LITTLER MENDELSON, P.C.
                                        One Newark Center, 8th Floor
                                        Newark, New Jersey 07102
                                        973.848.4700
                                        lsorin@littler.com

                                        *Attorneys for Defendants*
                                        *Salisbury Bank and Trust Company and*
                                        *Salisbury Bancorp, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I caused a copy of the attached Answer and Affirmative

Defenses to the Complaint to be served via ECF and regular mail on the following:

Ted McCullough
Robert B. Lower
McCullough Ginsberg Montano & Partners LLP
122 East 42nd Street, Suite 3505
New York, New York 10168
Attorneys for Plaintiff

James Coughlan
Coughlan Law Offices, LLP
P.O. Box 72
22 Hutton Street
Rhinecliff, New York 12574
Co-counsel for Plaintiff

Dated:  September 24, 2018
       Newark, New Jersey

                                      */s/ Lindsay M. Sorin*_____
                                        Lindsay M. Sorin

FIRMWIDE:157071969.1 099759.1001