# MGM  McCullough Ginsberg Montano & Partners

A Limited Liability Partnership
Formed in the State of New York

**Partners**
Ted McCullough, Esq. *
Simon Ginsberg, Esq. *
James S. Montano, Esq. *†*
C. Dino Haloulos, Esq. *•
\* Admitted in NY
† Admitted in NJ
• Admitted in PA

**Of Counsel**
Jason Liam Schmolze, Esq. |
Damon Kamvosoulis, Esq. *†
Michele J. Mittleman, Esq. *

**Associates**
Kara Halpern, Esq. *
Robert B. Lower, Esq. *
Patrick Lynott, Esq. *†

**Robert B. Lower**
Direct: (646) 747-6895
rlower@mgpllp.com

*[Handwritten endorsement:]* An Initial Pre-trial Conf is scheduled for Dec. 13, 2018 at 10:45 am and discovery issues can be raised/discussed at that conf. Dated: Nov. 13, 2018  SO ORDERED:

November 12, 2018
HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

*[Left margin stamp:]* MEMO ENDORSED

**VIA FACSIMILE**

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

Re:   *William Gunnar Truitt v. Salisbury Bank and Trust Company, et al.*
       Index No. 7:18-cv-08386-NSR

Dear Judge Román:

Pursuant to Local Civil Rule 37.2, we respectfully <u>request an informal conference to discuss Defendants' standing refusal to produce certain categories of evidence</u> required by the Discovery Protocols set forth in the Court's September 26, 2018 Order of Automatic Referral to Mediation, ECF No. 10.

The heart of this dispute involves text messages about Mr. Truitt's termination, including text messages sent from Salisbury executives to Mr. Truitt, *e.g.*, instructing Mr. Truitt to return bank property. We have specifically and repeatedly requested those text messages from Defendants because Mr. Truitt deleted his copies of those messages before he anticipated litigation or understood the reason for his termination.

On October 30, 2018 Lindsay Sorin, Amber Spataro, and I conducted a telephonic meet and confer on this issue that lasted approximately 30 minutes. During that call, opposing counsel indicated:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/2018

122 East 42nd Street, Suite 3505, New York, NY 10168  Tel (646) 435-0300  Fax (646) 349-2217

Page 2 of 3

1. Defendants stand on their objections to the discovery ordered by the Court on September 26, 2018.[1]

2. Defendants will not take any action to preserve, collect, or produce the responsive text messages we have requested because they are controlled by Salisbury executives or employees.

3. Defendants will not provide a written response to any of our discovery-related letters or inquiries. For example, in our October 30, 2018 letter to Defendants, we asked what responsive non-privileged materials Defendants have withheld based on their objections to the Court's September 26, 2018 Order.

Defendants have provided no authority authorizing their categorical exclusion of relevant text messages from Defendants' basic preservation and production obligations. This Court and many others have repeatedly and unambiguously confirmed relevant text messages are discoverable and subject to preservation obligations.[2] The Southern District has also held that a party cannot categorically ignore responsive text messages because it does not own the phones upon which the text messages reside.[3] To hold otherwise would allow millions of organizations like Salisbury, which allow employees to use their personal phones for work purposes, to unilaterally conceal relevant evidence.

Defendants' new and categorically false argument that Mr. Truitt "was not terminated" by Salisbury underscores the evidentiary importance of the text messages regarding Mr. Truitt's termination. Similarly, the importance of preserving relevant text messages is underscored by the fact that text messages are among the most ephemeral types of ESI for several reasons, including the frequency of phone replacements and U.S. cellular carriers' general practice of deleting text messages less than two weeks after their transmission.

---

[1] Defendants' October 24, 2018 document production included a series of objections to the Discovery Protocols set forth in the Court's September 26, 2018 Order. For example, Defendants responded to the Court-ordered production of "Plaintiff's personnel file" by stating "Defendants object to this Request on the grounds that it is overly broad . . . ." Defendants' Responses to Pilot Discovery dated October 23, 2018 at 2. Similarly, Defendants responded to the Court-ordered production of "documents the defendant sent to or received from the plaintiff regarding the termination, and any documents that record the reasons for the termination decision" by stating "Defendants object to this request on the grounds that Plaintiff's employment was not terminated. Rather, he chose to voluntarily resign from his position." Id. at 3. Defendants refused to retract these objections or raise them with the Court, even after we reminded Defendants that objections to Court-ordered discovery should be raised "promptly with the Court," according to the Court's September 26, 2018 Order.

[2] See Passlogix, Inc. v. 2FA Technology, LLC, et al., 708 F. Supp. 2d 378 (S.D.N.Y. 2010) (imposing a monetary sanction of $10,000 for, among other things, failing to preserve text messages); see also Walker v. Carter, No. 12-CV-5384 (ALC)(RLE), 2015 U.S. Dist. LEXIS 171422, at *8 (S.D.N.Y. Dec. 23, 2015) (imposing sanctions against plaintiff's counsel for failing to produce relevant text messages, including messages held by a non-party).

[3] Ronnie Van Zant, Inc. v. Pyle, 270 F. Supp. 3d 656, 660 (S.D.N.Y. 2017) (granting adverse inference instruction for failure to preserve a non-party's cell phone). "Cleopatra argues that it cannot be sanctioned for the actions Cohn, a non-party, took and whose phone, Cleopatra contends, was not within their control. However, the 'concept of "control" has been construed broadly.' Documents are considered to be under a party's control 'if the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement.'" Id. at 669 (citations omitted).

Page 3 of 3

      Based on the foregoing, we respectfully request an informal conference with the Court to discuss this issue and, as needed, seek leave to file a motion to compel compliance with the Court's September 26, 2018 Order and the preservation of relevant evidence.

      Sincerely,

Robert B. Lower
**MCCULLOUGH GINSBERG MONTANO & PARTNERS LLP**
122 East 42nd Street, Suite 3505
New York, New York 10168
Phone: (646) 747-6895
rlower@mgpllp.com
*Counsel for Plaintiff*

cc: William G. Truitt (Plaintiff); Ted McCullough and Jim Coughlan (counsel for Mr. Truitt); Lindsay M. Sorin and Amber M. Spataro (counsel for Defendants)



# FAX COVER SHEET

| | |
|---|---|
| TO | |
| COMPANY | |
| FAX NUMBER | 19143904179 |
| FROM | Theodore McCullough |
| DATE | 2018-11-12 21:22:14 GMT |
| RE | RE: Truitt Index #7:18-CV-08386-NSR |

### COVER MESSAGE

Enclosed please find a letter on behalf of Plaintiff William G. Truitt (Index No. 7:18-cv-08386-NSR) requesting an informal conference with the Judge Román.