MEMO ENDORSED



**Littler**
Employment & Labor Law Solutions Worldwide™

Littler Mendelson, P.C.
One Newark Center
8th Floor
Newark, NJ 07102

Peter Ajalat and Russ McEwan
Office Managing Shareholders

November 13, 2018

Lindsay M. Sorin
973.848.4727 direct
973.848.4700 main
973.556.1746 fax
lsorin@littler.com

VIA FACSIMILIE (914.390.4179)

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

*All discovery issues can be raised/discussed at the Initial Pre-trial Conf. scheduled for Dec. 13, 2018 at 10:45 am.*

*Dated: Nov. 13, 2018*

**SO ORDERED:**

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

Re: William Gunnar Truitt v. Salisbury Bank and Trust Company, et al.
Index No. 7:18-cv-08386

Dear Judge Román:

This firm represents Salisbury Bank and Trust Company and Salisbury Bancorp, Inc. (collectively, the "Bank"). The Bank is in receipt of Plaintiff William Gunnar Truitt's November 12, 2018 letter to this Court seeking an informal conference. That letter grossly misstates the exchange between the parties and the Bank respectfully submits that no conference is necessary.

The Bank has not refused to produce any categories of evidence required by the Discovery Protocols and, in fact, advised Plaintiff's counsel in a telephone conference on October 30, 2018 that they had already complied with the pilot discovery protocols.

Plaintiff's letter claims that there is a dispute regarding "text messages about Mr. Truitt's termination, including text messages sent from Salisbury executives to Mr. Truitt, e.g., instructing Mr. Truitt to return bank property." No written discovery has been propounded yet in this matter. While the alleged text messages (to the extent they exist) may possibly be "relevant" in the broadest sense of the term regarding this litigation in general, they were **not** responsive to the limited Discovery Protocols, which only required the Bank to produce any documents "the defendant sent to or received from the plaintiff *regarding the termination*, and any documents that *record the reasons for the termination decision*." *See*, Section 3(f) of the Pilot Discovery Protocols (emphasis added). Post-separation requests to return property are not "regarding the termination" or a "record" of the "reasons for the termination decision."[1]

---

[1] While this letter is not the appropriate time or place to raise relevant defenses on the merits, as noted by Plaintiff's counsel, the Bank contends Plaintiff was not terminated – he resigned.

USDC SDNY
DOCUMENT
ELECTR[ONICALLY FILED]
DOC #:
DATE FILED: 11/13/2018

littler.com

Hon. Nelson S. Román
United States District Judge
November 13, 2018
Page 2

Contrary to Plaintiff's claims, the Bank's counsel represented to Plaintiff's counsel during their October 30, 2018 meet and confer telephone conference that efforts have been made to preserve any and all relevant text messages. A litigation hold letter was issued to Bank employees believed by the Bank to be key witnesses shortly after service of the Complaint.

On October 15, 2018, Plaintiff's counsel sent a letter to the Bank's counsel identifying additional persons, with whom Plaintiff allegedly corresponded by text message or Facebook messaging post his separation. The Bank does not issue cell phones to its employees. After discussion on October 30, 2018, Plaintiff's counsel admitted that Plaintiff had no basis for believing there were any communications between himself and high level Bank executives, leaving only lower level employees, save one. That one person, a Vice President of Retail Lending and Commercial Operations, was not involved at all in Plaintiff's decision to separate.

Accordingly, the alleged text messages about which Plaintiff claims exist would have been post-separation from rank and file Bank employees' personal cell phones and personal Facebook accounts[2] and which are not within the Defendants' possession, custody or control. Of course, to the extent such text messages exist to and from any employee of the Bank and Plaintiff, they were equally in the control of Plaintiff, who now claims he deleted them. Plaintiff has not indicated that he made any effort (from IPhone back-ups or otherwise) to retrieve the alleged text messages, nor has he advised when he allegedly deleted them or why he allegedly deleted them.

Notwithstanding, on *that same day they received the letter* – October 15, 2018 – defense counsel advised the Bank to instruct that the individuals identified by Plaintiff in his counsel's letter preserve any text messages relevant to this case. We further ascertained that none of those persons identified by Plaintiff with whom Plaintiff had allegedly communicated had any role in his resignation and separation and, hence, were not privy to "the reasons for his termination."

Of course, and as we previously advised Plaintiff's counsel, the Bank has and will continue to comply with all Court rules regarding the production of documents, including electronically stored information. All necessary litigation holds are in place and documents will be produced as may be required by the federal Rules of Civil Procedure. Because these post-separation communications allegedly about return of property are not any documents "the

---

[2] Importantly, Connecticut law forbids employers from requesting or requiring that employees share passwords or social media account access. Conn.Gen.Stat. § 31-40x.

Hon. Nelson S. Román
United States District Judge
November 13, 2018
Page 3

defendant sent to or received from the plaintiff regarding the termination, and any documents that record the reasons for the termination decision" they were not responsive to any document request in the limited Pilot Discovery Protocols.

                                                                         Very truly yours,

                                                                         Lindsay M. Sorin

cc:    Robert Lower, Esq. (via email)
        Ted McCullough, Esq. (via email)
        James Coughlin, Esq. (via email)
        Amber M. Spataro, Esq. (via email)





Employment & Labor Law Solutions Worldwide

## FACSIMILE COVER SHEET

November 13, 2018

To: Hon. Nelson Stephen Román     Fax: 914.390.4179     Phone:

Fax #(s) verified before sending (Initial):

From: Lindsay M. Sorin     Fax: 973.556.1746     Phone: 973.848.4727

Length, including this cover letter:    4    Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code: _____    User Number: __3253__

Littler Mendelson, P.C.
One Newark Center, 8th Floor, Newark, NJ 07102
Tel: 973.848.4700 Fax: 973.843.6626 www.littler.com