

Littler Mendelson, P.C.
One Newark Center
8th Floor
Newark, NJ 07102

Peter Ajalat and Russ McEwan
Office Managing Shareholders

Lindsay M. Sorin
973.848.4727 direct
973.848.4700 main
973.556.1746 fax
lsorin@littler.com

February 6, 2019

**VIA ECF**

Hon. Paul E. Davison
United States Magistrate Judge
United States Courthouse
300 Quarropas Street, Courtroom 420
White Plains, NY 10601

        Re:    **William Gunnar Truitt v. Salisbury Bank and Trust Company, et al.**
                 **Index No. 7:18-cv-08386**

Dear Judge Davison:

        This firm represents Salisbury Bank and Trust Company and Salisbury Bancorp, Inc. (collectively, the "Bank"). We write in response to Plaintiff's February 5, 2019 letter regarding alleged deficiencies in the Bank's responses to his Request for Admissions and Interrogatories.

        As to Request for Admission No. 7, the Bank's response is detailed and specific, based on the Bank's interpretation of Plaintiff's vague request. The Bank never told Plaintiff that he had to "make a choice." As such, it cannot admit the Request as drafted. Rather, the Bank responded that it told Plaintiff that it could not accommodate his request for outside employment due to the time commitment it would require. To the extent that this Court is not satisfied with the Bank's response, the Bank denies Plaintiff's Request for Admission No. 7.

        Further, the Bank maintains and restates its objections to Interrogatory No. 1. As drafted, this Interrogatory would require the Bank to ask each of its approximately 200 employees about their "support" for Didi Barrett, even though only a handful of individuals were involved in any discussions regarding whether Plaintiff would be able to fulfill his full-time job duties while campaigning for and/or as a member of the New York State Assembly and were aware of the

Hon. Paul E. Davison
United States Magistrate Judge
Page 2

circumstances surrounding Plaintiff's voluntary separation from the Bank. Moreover, as noted in its objections, the term "supported" is vague. Does the term "supported" mean that the employee provided financial support, volunteered for Ms. Barrett's campaign or office or simply supported Ms. Barrett's politics and voted for her? Despite these valid objections, the Bank answered with respect to those employees that it believes have information relevant to this matter.

As stated in the Bank's objections, Interrogatory No. 3 is overly broad and not proportional to the needs of the case, even with Plaintiff's proposed 10-year limitation. As I advised Plaintiff's counsel during our February 4 telephone conference, the Bank will be producing memoranda submitted to the Board of Directors requesting approval for employees' outside employment and volunteer opportunities in response to Plaintiff's document requests, which are not due until February 11 and which also will be responsive to Interrogatory No. 3.

The Bank also maintains and restates its objections to Interrogatory No. 10 and notes that, contrary to Plaintiff's claims, the Bank's position has always been that Plaintiff resigned his employment. [*See* the Bank's Answer, ECF #6, ¶12]. The Bank has offered to meet and confer with Plaintiff's counsel to limit the scope of this Interrogatory by, for example, limiting the request to those employees supervised by Amy Raymond and Andrea MacArthur, Plaintiff's supervisors during his tenure with the Bank. Plaintiff's counsel, however, is unwilling to do so.

With respect to Interrogatories 15 and 16, the Bank refers the Court to its objections provided in response to these requests. Although Plaintiff baldly asserts, without legal support, that they are entitled to "discovery about discovery," the case law cited in the Bank's

Hon. Paul E. Davison
United States Magistrate Judge
Page 3

interrogatory responses clearly states otherwise. Plaintiff has not provided any legal support for the seek discovery about discovery, which is not relevant to a party's claim or defense.

Respectfully submitted,

Lindsay M. Sorin

cc: Robert Lower, Esq. (via ECF)
Ted McCullough, Esq. (via ECF)
James Coughlin, Esq. (via ECF)
Amber M. Spataro, Esq. (via ECF)

FIRMWIDE:162281414.2 099759.1001