**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILLIAM GUNNAR TRUITT,<br><br>Plaintiff,<br><br>-against-<br><br>SALISBURY BANK AND TRUST COMPANY; AND SALISBURY BANCORP, INC.,<br><br>Defendants. | Civil Action No.: 7:18-cv-08386-NSR-PED<br><br>**DECLARATION OF DOUGLAS CAHILL**<br><br>*Electronically Filed* |

**DOUGLAS CAHILL**, of full age, hereby declares:

1. I am employed by Salisbury Bank and Trust Company (the "Bank") as Vice President of Human Resources. I am familiar with the facts set forth in this Certification.

2. On January 29, 2018, Truitt was hired as a full-time Mortgage Lending Officer Trainee in the Bank's Residential Lending Department.

3. Without notifying the Bank of his intention to run for elected office in the New York State Assembly, as is required by the Bank's policy on outside employment, on April 12, 2018, I am informed, and based thereon believe, that Truitt posted to Facebook that he would be campaigning for a seat in the New York State Assembly.

4. Upon learning of Truitt's announcement on Facebook, I asked Amy Raymond, Truitt's supervisor, to meet with Truitt and me to determine what kind of time commitment such a campaign (and subsequently job) would entail. This meeting took place on April 13, 2018.

5. At our meeting with Truitt on April 13, 2018, I asked Truitt to provide us with a written explanation as to what the job would entail if he were elected. Truitt provided this letter (attached Exhibit D-4 to Plaintiff's deposition and to the Declaration of Jennifer Fischer filed concurrently herewith), along with the parameters of the Assembly role.

6. Upon review of the letter, I, along with Rick Cantele, Andrea MacArthur and Amy Raymond and Richard Kelly, reviewed the role with respect to a potential conflict of interest and with respect to the amount of time away from the Bank that would be required. Upon review of the state Assembly calendar provided by Truitt, it became clear that Truitt would be required to spend 2-4 days per week (60 business days) in Albany for more than half of the year. Truitt also acknowledged that campaigning would continue even after he would be elected.

7. At no time did Truitt's political affiliation influence management's decision to deny his outside employment request. My sole concern was whether Truitt would be able to fulfill his position as a residential originator given the responsibilities as we knew them to be relative to the Assembly position in New York.

8. In fact, I am also a registered Republican. I also ran for the Republican nomination for the Board of Education in the Town of Sharon, Connecticut and was elected in or around 2012. I remain on the Board of Education to date.

9. I am also active on the Town of Sharon's Republican Committee and attended the State of Connecticut Republican conference in 2018 as a delegate.

10. Given that Truitt would be required to spend 60 days per year, at a minimum, in Albany when the assembly was in session and would spend additional time campaigning for this position, management determined in its business judgment that the time commitment required by the Assembly role could not be accommodated.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: December 12, 2019

_____
Douglas Cahill

4835-5730-3726.1 099759.1001