UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM GUNNAR TRUITT,

                     Plaintiff,

    -against-

SALISBURY BANK AND TRUST COMPANY;
AND SALISBURY BANCORP, INC.,

                  Defendants.

Civil Action No.: 7:18-cv-08386-NSR-PED

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

LITTLER MENDELSON, P.C.
One Newark Center, 8th Floor
Newark, New Jersey 07102
(973) 848-4700

*Attorneys for Defendants*

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................ 1

I.      No Genuine Issues Of Material Fact Exist That Can Defeat Defendants' Motion
        For Summary Judgment. ................................................................................ 2

        A.      Plaintiff's Opposition Fails To Comply With The Local Rules. ........................... 2

        B.      The Court Should Disregard Plaintiff's Attempt to Create An Issue Of
                Fact With Unsupported Conclusory Statements In His Declaration. ................... 3

II.     Plaintiff Has Failed To State A Prima Facie Case Of Discrimination Because He
        Has Failed to Create A Triable Issue As to Whether He Resigned From His
        Position. ......................................................................................................... 4

III.    Plaintiff Has Not Presented Evidence to Create A Triable Issue That Defendants'
        Legitimate Business Reason For Denying His Outside Employment Request Was
        A Pretext For Unlawful Political Activity Discrimination. ..................................... 5

        A.      Plaintiff Has No Evidence That The Bank's Legitimate Reason For
                Denying His Outside Employment Request Is False Or Otherwise Suspect. ......... 5

        B.      Plaintiff Has No Evidence Of A Political Conspiracy Against Him – Just
                Speculation And Conjecture. ................................................................... 7

                1.      Bassin's Alleged Remarks are Inadmissible Hearsay. ............................. 8

                2.      Defendants Were Aware Of Plaintiff's Political Activity And Party
                        Affiliation At His Hire -The Only Change In The Political Activity
                        Was The Time Commitment. .................................................... 9

                3.      Other Bank Employees Engage in Political Activity on the
                        Republican Ticket and Have Not Been Terminated. ........................ 10

CONCLUSION ................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amnesty Am. v. Town of W. Hartford*,
    361 F.3d 113 (2d Cir. 2004)......................................................................................7

*B.F. Goodrich v. Betkoski*,
    99 F.3d 505 (2d Cir. 1996)........................................................................................9

*Baity v. Kralik*,
    51 F. Supp. 3d 414 (S.D.N.Y. 2014).........................................................................3

*Deshpande v. Medisys Health Network, Inc.*,
    No. 07-CV-375 2010 WL 1539745 (E.D.N.Y. Apr. 16, 2010) ...............................10

*Dister v. Continental Group, Inc.*,
    859 F.2d 1108 (2d Cir. 1988).................................................................................6, 7

*Farias v. Instructional Systems, Inc.*,
    259 F.3d 91 (2d Cir. 2001)........................................................................................8

*Flaherty v. Filardi*,
    2007 WL 163112 (S.D.N.Y. Jan. 24, 2007) .............................................................7

*Gadsen v. Jones Land Lasalle Americas, Inc.*,
    210 F.Supp.2d 430 (S.D.N.Y. 2002).........................................................................3

*Gilman v. Runyon*,
    865 F. Supp. 188 (S.D.N.Y. 1994)............................................................................7

*Golden Pac. Bancorp. v. F.D.I.C.*,
    375 F.3d 196 (2d Cir. 2004)......................................................................................3

*Grady v. Affiliated Central, Inc.*,
    130 F.3d 553 (2d Cir. 1997)......................................................................................9

*Hayes v. N.Y.C. Dep't. of Corr.*,
    84 F.3d 614 (2d Cir.1996)......................................................................................3, 4

*Holcomb v. Iona Coll.*,
    521 F.3d 130 (2d Cir. 2008)......................................................................................9

*Loucar v. Boston Market Corp.*,
    294 F. Supp. 2d 472 (S.D.N.Y. 2003).......................................................................3

*Miller v. Praxair, Inc.*,
    408 F. App'x 408 (2d Cir. 2010), *cert. denied*, 131 S.Ct. 3067 (2011)....................5

## TABLE OF AUTHORITIES
(CONTINUED)

**Page(s)**

*Montana v. First Federal Sav. and Loan Ass'n of Rochester*,
  869 F.2d 100 (2d Cir. 1989)........................................................................6

*Perma Research & Dev. Co. v. Singer Co.*,
  410 F.2d 572 (2d Cir. 1969)........................................................................4

*Scotto v. Almenas*,
  143 F.3d 105 (2d Cir. 1998)........................................................................7

*Simmons v. Woodycrest Ctr. for Human Dev., Inc.*,
  No. 10-cv-5193, 2011 WL 855942 (S.D.N.Y. Mar. 8, 2011)...................3

*Singh v. N.Y. State Dep't of Taxation & Fin.*,
  911 F. Supp. 2d 223 (W.D.N.Y. 2012)......................................................5

*Stetson v. NYNEX Serv. Co.*,
  995 F.2d 355 (2d Cir. 1993)........................................................................5

*Wright v. Goldman Sachs & Co.*,
  387 F. Supp. 2d 314 (S.D.N.Y. 2005)........................................................3

*Zuckerman v City of New York*,
  49 N.Y.2d 557 (1980)..................................................................................8

**Other Authorities**

Local Rule 56.1 ...............................................................................................2

## PRELIMINARY STATEMENT

As shown in Defendants Salisbury Bank and Trust Company and Salisbury Bancorp, Inc.'s (together, the "Bank" or "Defendants") moving papers, Plaintiff William Truitt ("Plaintiff or "Truitt") chose to resign when his request to hold outside employment was denied due to the substantial time commitment that his chosen activity would entail. Plaintiff's Opposition papers ("Opposition") offer no evidence to contradict Defendants' evidence and certainly do not create an issue of fact whether political activity animus was the "real reason" his request was denied.

Specifically, Truitt does not produce any evidence that would tend to show that the Bank would not have acted *exactly the same way* had Truitt chosen, for example, to start a side business and miss up to 60 work days per year to run it. Truitt further ignores the permitted and significant involvement in local politics of other Bank employees from both political parties and the fact that the Bank hired Truitt knowing full well that he was the Republican representative for Dutchess County. Plaintiff speculates that a conspiracy existed and was orchestrated by Arthur Bassin, a member of the Bank's Board of Directors, to favor Plaintiff's political opponent in the New York Assembly race. However, there is no admissible evidence to support this wild theory. Plaintiff failed to serve or file any opposition to Defendants' Statement of Undisputed Material Facts Pursuant to FRCP 56.1 ("SOMF") and, hence, such facts are all deemed admitted.

Importantly, Plaintiff presents no admissible evidence that he was even terminated, other than Truitt's own self-serving claim that he was. The documents all show that Truitt resigned, deciding to focus on his campaign and take advantage of a "once in a lifetime opportunity." That was his choice. The Bank was not required to accommodate the enormous amount of time off that Plaintiff was requesting to pursue his personal ambitions, political or not. At the end of the day, there is no triable issue of fact and summary judgment should be granted.

## I.    No Genuine Issues Of Material Fact Exist That Can Defeat Defendants' Motion For Summary Judgment.

### A.    Plaintiff's Opposition Fails To Comply With The Local Rules.

The Opposition violates Fed. R. Civ. P 56 and Local Rule 56.1 in that it fails to "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party." [56.1(b)]. More specifically, Your Honor's Individual Practices in Civil Cases, Part G, states that "Opposing parties shall reproduce each entry of the moving party's Rule 56.1 Statement and shall set out responses to each entry directly beneath it." Plaintiff has disregarded the requirements by completely omitting a response to the SOMF in his Opposition. Accordingly, "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Rule 56.1(c).

Plaintiff fails to respond to Defendants' SOMF, other than a single paragraph buried amongst the 343 pages of exhibits provided by Truitt, in a self-serving declaration that declares:

> Salisbury's [SOMF] also contains numerous false, misleading, and disputed statements of "fact." Paragraphs of Salisbury's statement of undisputed facts that contain false and/or misleading information, some of which are also discussed in further detail below, include without limitation paragraphs 33, 35, 38, 40, 41, 42, 47, 48, 49, 50, 51, 53, 66, 67, and 68. Due to the volume of false and misleading statements appearing in Salisbury's summary judgment submissions, I have elected to provide the following statements of fact and corrections to Salisbury's [SOMF]:

Ex. 13 at 2. Plaintiff's "response" to the SOMF (if the Court so chooses to consider it as such) lacks proper citations to evidence to support Plaintiff's blanket dismissal of Defendants' SOMF.

Since Plaintiff has failed to specifically controvert a single numbered paragraph in the SOMF, all of the undisputed material facts set forth in Defendants' SOMF should be deemed

admitted. *See Wright v. Goldman Sachs & Co.*, 387 F. Supp. 2d 314, 318 (S.D.N.Y. 2005) (deeming all of the movant's facts admitted where plaintiff fails to submit a separate counterstatement of material facts as required under the Local Civil Rules); *Loucar v. Boston Market Corp.*, 294 F. Supp. 2d 472, 478 (S.D.N.Y. 2003) ("unsupported, conclusory assertions and denials" could not refute a movant's "properly-supported statements of material facts"); *Gadsen v. Jones Land Lasalle Americas, Inc.*, 210 F.Supp.2d 430, 438 (S.D.N.Y. 2002) ("Courts in this circuit have not hesitated to deem admitted the facts in a movant's Local Civil Rule 56.1 Statement that have not been controverted by a Local Civil Rule 56.1 statement from the nonmoving party."); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419 (S.D.N.Y. 2014) (disregarding responses to a statement of material facts that had conclusory assertions, legal arguments). Thus, the Court should deem Defendants' SOMF as true and grant their Motion because Plaintiff proffered no admissible evidence to support his claims or to oppose Defendants' Motion.

**B.    The Court Should Disregard Plaintiff's Attempt to Create An Issue Of Fact With Unsupported Conclusory Statements In His Declaration.**

The Court should further disregard Plaintiff's Declaration in which he claims to provide "facts and corrections to Salisbury's [SOMF]" ¶¶ 8 – 24 at Ex. 13 p. 2-6 because his alleged "facts" are based entirely on unsupported assertions and distortions of the record *with no citation to supporting record evidence. See Simmons v. Woodycrest Ctr. for Human Dev., Inc.*, No. 10-cv-5193, 2011 WL 855942, at *1 n.1 (S.D.N.Y. Mar. 8, 2011) (defendant's 56.1 taken as true because plaintiff's statement did not cite supporting record evidence and distorted the record); *Golden Pac. Bancorp. v. F.D.I.C.*, 375 F.3d 196, 200 (2d Cir. 2004) ("the non-moving party . . . must offer some hard evidence showing that its version of the events is not wholly fanciful.").

Truitt may not attempt to change his prior admissions and testimony to create an issue of fact with unsupported speculation and contradictions. *Hayes v. N.Y.C. Dep't. of Corr.*, 84 F.3d

614, 619 (2d Cir.1996) ("a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony."); *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) ("[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."). For example, in his Declaration, Plaintiff claims for the first time in his declaration that "Both Mr. Cantele and Mr. Cahill informed that that I was going to be terminated if I did not abandon my campaign for NYS Assembly." Ex. 13, ¶ 14. His declaration directly contradicts his deposition testimony.  *See* Fischer Decl. Ex. B Supplement, Truitt Dep. Tr. 108:10-23; SOMF ¶¶ 49-53. Hence, the Court should disregard Plaintiff's self-serving affidavit as insufficient to defeat summary judgment.

## II.     Plaintiff Has Failed To State A *Prima Facie* Case Of Discrimination Because He Has Failed to Create A Triable Issue As to Whether He Resigned From His Position.

In his Opposition, Plaintiff did not (because he cannot) refute the record evidence showing that he chose to resign from his employment with the Bank to pursue his political ambitions and therefore did not suffer and adverse employment action. In an email drafted by Plaintiff titled "Decision," he wrote:

> I did deeply consider and weigh my options over the past weekend and came to the conclusion that I cannot give up on a once in a lifetime opportunity such as the one that has presented itself before me. The chance to tie Teddy Roosevelt as the youngest State Assemblyman in NY history is one, I cannot give up, nor can I let down my community who has asked me to run.

*See* SOMF ¶ 58. Despite his unsupported say-so, at no time did the Bank advise Plaintiff that his employment was terminated. Rick Cantele, the CEO of the Bank, testified that "we disagreed that he could complete [the] requirements of the Salisbury job and take on his outside

employment that required a significant amount of time and effort on his behalf. We communicated that to him. Ultimately, it was his decision." *See id.*, Fischer Decl. Ex. G, Cantele Dep. Tr. at 70:6-11. Hence, Plaintiff's claim of discrimination must fail as a matter of law.[1]

Plaintiff has also failed to establish that he was constructively discharged. Although Plaintiff alleges that he was terminated because he was required to "choose" between remaining employed by the Bank or pursuing his political ambitions, this is insufficient. As set forth in Defendants' moving papers, the Second Circuit has established a very high standard of proof for constructive discharge claims. *Stetson v. NYNEX Serv. Co.*, 995 F.2d 355, 360-61 (2d Cir. 1993). Here, Plaintiff has presented no record evidence that his working conditions were "so intolerable" that he, or a reasonable person in his shoes, would have felt compelled to resign. Merely being denied the opportunity to take on a second job is hardly sufficient to show "intolerable" working conditions. Moreover, in Plaintiff's resignation letters to Cahill and his supervisors, he expresses extreme thanks and appreciation. *See* SOMF ¶¶ 57, 59. Plaintiff was not compelled to resign. Hence, because Plaintiff cannot establish that he was constructively discharged or that he was terminated, his claim of discrimination should be dismissed.

**III.   Plaintiff Has Not Presented Evidence to Create A Triable Issue That Defendants' Legitimate Business Reason For Denying His Outside Employment Request Was A Pretext For Unlawful Political Activity Discrimination.**

**A.   Plaintiff Has No Evidence That The Bank's Legitimate Reason For Denying His Outside Employment Request Is False Or Otherwise Suspect.**

Even if Plaintiff were able to establish a *prima facie* case of discrimination, which he cannot, the Bank had a legitimate, non-discriminatory business reason for denying his request to engage in outside employment that was not a pretext for discrimination. Defendants have

---

[1] *See, e.g., Singh v. N.Y. State Dep't of Taxation & Fin.*, 911 F. Supp. 2d 223, 234 (W.D.N.Y. 2012) (adverse employment action element is not satisfied when employment action is the result of the plaintiffs voluntary resignation) (citing *Miller v. Praxair, Inc.*, 408 F. App'x 408, 410-11 (2d Cir. 2010), *cert. denied*, 131 S.Ct. 3067 (2011) (granting summary judgment).

proffered a legitimate business reason for denying Plaintiff's request for outside employment –
their determination, based on the information provided by Truitt, that a conflict of interest would
exist between Plaintiff's job with the Bank and his election to the New York State Assembly.

The undisputed evidence shows that Plaintiff spent took a ***four-month leave of absence***
from his current job in the months' leading up to the election (from late-July through November
6, 2018) in order to campaign. *See* SOMF ¶ 42.  If elected to work as a legislator, Plaintiff would
be required to be in Albany for approximately 2-4 business days per week while the legislature
was in session - 60 week days in total. SOMF ¶ 35. The Bank provided Plaintiff only 21 days of
paid time off. SOMF ¶ 5. In addition, the Riverside Division residential lending market, which
Truitt served, was an emerging market for the Bank. The Bank was concerned that its investment
into the market would not be as successful if Truitt were not immediately responsive to the needs
of his customers. SOMF ¶ 48. Thus, at a minimum, it was reasonable for the Bank to determine
that Truitt's campaigning and potential election to the State Assembly would interfere with his
regular work hours and the performance of his job at the Bank. SOMF ¶¶ 46-50.

Truitt's self-serving claim that he "could do both" is inadmissible speculation and lacks
foundation (since Truitt has never worked as an MLO, either before or after he worked at the
Bank) and particularly where, as noted above, Truitt took a leave of absence in order to
campaign and the other MLOs at the Bank both testified that they regularly work more than 50
hours per week. SOMF ¶¶42, 46. The Bank made the business judgment that the time
commitment required of a MLO conflicted with the time and job requirements of campaigning
and working as a State Legislator. See *Montana v. First Federal Sav. and Loan Ass'n of
Rochester*, 869 F.2d 100, 106 (2d Cir. 1989) (discrimination statutes do not permit federal courts
to act as a "roving commission to review business judgments"); *Dister v. Continental Group,*

*Inc.*, 859 F.2d 1108, 1116 (2d Cir. 1988) ("it is not the function of a fact-finder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal."); *Gilman v. Runyon*, 865 F. Supp. 188, 193 (S.D.N.Y. 1994) ("Nor should the fact finder assess whether the employer's decision was erroneous or even rational, so long as the employer's actions were not taken for a discriminatory reason.").

Accordingly, Truitt's unsupported disagreement with the Bank's business judgment in denying his request for outside employment based upon the time necessarily and admittedly committed to running for and holding office in the New York State Assembly cannot create an issue of fact to defeat summary judgment. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) ("[t]he non-moving party may not rely on conclusory allegations or unsubstantiated speculation" to defeat summary judgment.).

### B.   Plaintiff Has No Evidence Of A Political Conspiracy Against Him – Just Speculation And Conjecture.

Plaintiff's speculation that his desire to take on a second, full-time job was merely denied for political reasons connected to Arthur Bassin and Truitt's opponent in the Assembly race also cannot create an issue of fact. *See Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 131 n.12 (2d Cir. 2004) (district court free to disregard speculation in affidavits); *Flaherty v. Filardi*, 2007 WL 163112, at *4-*5 (S.D.N.Y. Jan. 24, 2007) (disregarding inadmissible portions in plaintiff's affidavit in analyzing summary judgment motion).

In Opposition, Plaintiff rests his entire pretext argument on the fact that his termination has the "Effective Date" of his last day of employment as April 30, 2018, when his resignation was sent on May 1, 2018. Br. at 2, 17-20. This makes no sense and hardly supports a claim that he was terminated for political activity reasons. April 30, 2018 was the last date Plaintiff worked for the Bank. *See* Fischer Decl. Ex. E, Cahill Dep. Tr. 102:13-18, 111:10-113:9. He did not show

7

up for work on May 1, 2018, the date he submitted his resignation letter. *Id.* Therefore, his last date of employment was properly entered into the system as April 30, 2018. *Id.*

Indeed, Plaintiff has failed to show any proof that he worked at the Bank past April 30, 2018. In Opposition, Truitt provides a timeline of events, in which he states that on May 1, 2018, "Salisbury fires Mr. Truitt and falsely records the date of Mr. Truitt's termination as April 30, 2018, *i.e.*, the day before Mr. Truitt's benefits went into effect." What do Plaintiff's benefits have to do with alleged political activity animus? To support this nonsensical accusation, Plaintiff cites "[t]hese actions are discussed and evidenced throughout this memorandum." Br. at 2 n.5. Plaintiff cites to no actual record evidence for this allegation, and thus it should be disregarded by the Court. *Zuckerman v City of New York*, 49 N.Y.2d 557, 562 (1980) ("[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient.").

Plaintiff uses the same false, unsupported assumption to support his argument for why he is entitled to punitive damages. Br. at 17-20. Punitive damages are appropriate only where "the employer has engaged in intentional discrimination and has done so with malice or with reckless indifference to the . . . protected rights of an aggrieved individual." *Farias v. Instructional Systems, Inc.*, 259 F.3d 91, 101-102 (2d Cir. 2001) (internal citations omitted). An award of punitive damages requires a showing that "a defendant not only intentionally discriminate[d] but did so in the face of a perceived risk that these actions are prohibited by law." *Id.* at 102. Plaintiff has failed to meet his burden and his claim for punitive damages should be dismissed.

### 1.      Bassin's Alleged Remarks are Inadmissible Hearsay.

Plaintiff's Complaint and Opposition allege a wild conspiracy between the Bank, Arthur Bassin, a member of the Board of Directors of the Bank, and Didi Barrett, the incumbent Democrat running for New York State Assembly in District 106 against Truitt. Plaintiff says that Cahill and Cantele said that Bassin said he was "uncomfortable" with Plaintiff running for office.

Br. at 9. Inadmissible double hearsay and cannot be considered on a motion for summary judgment (and Bassin denies he made any such statements). *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 525 (2d Cir. 1996) ("When deciding a motion for summary judgment, only admissible evidence may be considered."). In Opposition, Plaintiff argues that the statement is an admission of a party opponent, but that still leaves a second layer of hearsay. Plaintiff is certainly offering the statement for the truth of the matter asserted, as his *prima facie* case of discrimination is solely dependent on this statement. Moreover, nothing in the record supports Plaintiff's conclusory and self-serving claim that, even if Bassin was "uncomfortable" because of Truitt's political party affiliation and his opponent, that Bassin had any involvement with the denial of Plaintiff's outside employment request. SOMF ¶¶ 66-68. Bassin had no involvement and did not even know Truitt was running for office at any relevant time. *Id.* Plaintiff's allegations are, again, pure speculation and, therefore, may not defeat summary judgment. *See Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) ("Even in the discrimination context . . . a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment."). Given the lack of evidentiary support for Plaintiff's claims, Defendants' Motion should be granted.

### 2. Defendants Were Aware Of Plaintiff's Political Activity And Party Affiliation At His Hire -The Only Change In The Political Activity Was The *Time Commitment*.

In Opposition, Plaintiff ignores the fact that Cantele and Cahill hired Plaintiff, fully aware of his political activity as a member of the Republican caucus in the Dutchess County legislature, just three months prior to his "termination." *See Grady v. Affiliated Central, Inc.*, 130 F.3d 553, 560 (2d Cir. 1997) (noting that "in cases where the hirer and firer are the same individuals and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer."). As such, Plaintiff cannot establish that the

Bank's concerns regarding the **_time commitment_** of campaigning for and holding office as a state Assemblymember were pretext for discrimination.

### 3. Other Bank Employees Engage in Political Activity on the Republican Ticket and Have Not Been Terminated.

Particularly fatal to Plaintiff's in Opposition is his inability to identify any comparators who engaged in political activity and were terminated **or** any employees who held outside employment with the same large time commitment as Plaintiff sought who were permitted to engage in such outside employment. *See Deshpande v. Medisys Health Network, Inc.*, No. 07-CV-375 (KAM)(VVP) 2010 WL 1539745, at* 15 (E.D.N.Y. Apr. 16, 2010) (granting summary judgment to employer on retaliation claims because of plaintiff's lack of comparators). Plaintiff implies that there was one individual, Darrel Long, whose outside employment as a Pilot was allegedly approved (Br. at 21) but includes no information pertaining to the time commitment that the Pilot role would take. Moreover, several other Bank employees have been granted permission to engage in outside political activity by the Bank. SOMF ¶ 23. Notably, and unlike Plaintiff's request to be permitted to maintain his employment at the Bank and employment as an elected official on the New York State Assembly, these outside activities occurred only *outside* the Bank's regular working hours. *Id.* ¶ 24. And like Plaintiff's approved political activity as a Dutchess County legislator, other Bank employees have been elected to these positions on the Republican ticket, including Doug Cahill. Hence, there is simply no evidence to create a triable issue as whether the Bank's decision to deny Plaintiff's outside employment request was politically motivated. As such, Defendants' motion for summary judgment should be granted.

### CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment should be granted and the Complaint should be dismissed in its entirety.

Dated:  January 28, 2020
       Newark, New Jersey

                                   */s/ Jennifer I. Fischer*
                                   Jennifer I. Fischer
                                   Amber M. Spataro (admitted *pro hac vice*)
                                   LITTLER MENDELSON, P.C.
                                   One Newark Center, 8th Floor
                                   Newark, New Jersey 07102
                                   jfischer@littler.com

                                   *Attorneys for Defendants*

4831-0723-1666.4 099759.1001