UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM GUNNAR TRUITT,

                          Plaintiff,

        -against-

SALISBURY BANK AND TRUST COMPANY;
AND SALISBURY BANCORP, INC.,

                          Defendants.

Civil Action No.: 7:18-cv-08386-NSR-PED

---

## DEFENDANTS' BRIEF IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR RECONSIDERATION

LITTLER MENDELSON, P.C.
One Newark Center, 8th Floor
Newark, New Jersey 07102
(973) 848-4700

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

I.      LEGAL STANDARD ................................................................................................. 1

II.     DEFENDANTS PROPERLY FILED A LOCAL CIVIL RULE 56.1
STATEMENT ........................................................................................................... 2

III.    THE COURT CONDUCTED A PROPER REVIEW OF THE RECORD ....................... 3

IV.   THE COURT HAD NO OBLIGATION TO DISREGARD EVIDENCE
FAVORABLE TO DEFENDANTS .......................................................................... 4

V.    THERE ARE NO UNSUPPORTED FACTUAL DETERMINATIONS
WARRANTING RECONSIDERATION ..................................................................... 5

       A.     Plaintiff Did Not Point To Any Credible Evidence That Defendants
Forced Him To Decide Between Termination Or Resignation ............................ 5

       B.     Plaintiff Resigned From Defendants' Employment ............................................. 6

       C.     The Evidence Supports That Plaintiff Would Be Required To Spend Two
To Four Days Per Week – Sixty Business Days – In Albany ............................... 7

       D.     Plaintiff Testified That He Was Never Told His Employment Would Be
Terminated Whether Or Not He Ran For Office ................................................... 8

       E.     No One Involved In The Decision To Deny Plaintiff's Request For
Outside Employment Was Involved With Barrett's Campaign ............................ 8

VI.   SUMMARY JUDGMENT WAS PROPERLY GRANTED AND
RECONSIDERATION IS NOT WARRANTED ............................................................ 9

CONCLUSION ...................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)........................................................................................................4, 8

*Bickerstaff v. Vassar Coll.*,
    196 F.3d 435 (2d Cir. 1999)......................................................................................4

*Golden Pac. Bancorp. v. F.D.I.C.*,
    375 F.3d 196 (2d Cir. 2004)......................................................................................4

*In re Health Management Systems Inc. Secs. Litig.*,
    113 F. Supp. 613 (S.D.N.Y. 2000) .........................................................................1

*Holtz v. Rockefeller & Co., Inc.*,
    258 F.3d 62 (2d Cir. 2001).......................................................................................3

*In re Houbigant, Inc.*,
    914 F. Supp. 997 (S.D.N.Y. 1996) ..........................................................................2

*Massop v. United States Postal Serv.*,
    493 F. App'x 231 (2d Cir. 2012) ..............................................................................2

*Parrish v. Sollecito*,
    253 F. Supp. 2d 713 (S.D.N.Y. 2003).....................................................................1, 2

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995)........................................................................................2

*Simmons v. Woodycrest Ctr. for Human Dev., Inc.*,
    No. 10-cv-5193, 2011 WL 855942 (S.D.N.Y. Mar. 8, 2011)....................................4

*Truitt v. Salisbury Bank & Trust Co.*,
    18-cv-8386 (NSR), 2020 U.S. Dist. LEXIS 129874 (S.D.N.Y. July 21, 2020) ............. *passim*

*Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*,
    956 F.2d 1245 (2d Cir. 1992)....................................................................................2

**Other Authorities**

Fed. R. Civ. P. 8 ....................................................................................................................6

Fed. R. Civ. P. 12(b) .............................................................................................................6

Fed. R. Civ. P. 56 ..................................................................................................................2, 3, 4

Local Civ. R. 6.3 ......................................................................................................................1, 2

Local Civ. R. 56.1(b) ...................................................................................................................3

## PRELIMINARY STATEMENT

Plaintiff William Gunnar Truitt ("Plaintiff") has not satisfied the stringent standards for reconsideration under Local Civil Rule 6.3.  Instead, couched under the guise of a motion for reconsideration, Plaintiff essentially seeks to file a sur-reply addressing his omissions from his opposition briefing in response to Defendant Salisbury Bank and Trust Company and Salisbury Bancorp, Inc.'s ("Defendants") motion for summary judgment and regurgitating old arguments. Instead of being contrite about his failure to file a separate statement in opposition to Defendants' Rule 56.1 Statement, Plaintiff inexplicably seeks to blame Defendants and this Court for his inability to follow Court rules.  Moreover, he fails to even address this Court's actual basis for granting Defendants' motion, namely, that Plaintiff has failed to establish a *prima facie* case that Defendants retaliated against him or wrongfully terminated his employment due to his political activities.  Despite Plaintiff's petulance, a motion for reconsideration cannot remedy his inability to follow the appropriate rules of procedure applicable to his case.  There have been no overlooked arguments of factual matters that the Court failed to consider. Therefore, the instant motion for reconsideration should be denied.

## I.      LEGAL STANDARD.

The legal standards governing a motion for reconsideration under Local Civil Rule 6.3 are well-settled in this Court.   Plaintiff completely ignores the high standard upon that New York law requires in order to grant a motion for reconsideration.  "Reconsideration of a court's previous order is an **extraordinary remedy** to be employed sparingly in the interests of finality and conservation of scarce judicial resources" (emphasis added). *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (*citing In re Health Management Systems Inc. Secs. Litig.*, 113 F. Supp. 613, 614 (S.D.N.Y. 2000)).  A moving party must "demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court

1

overlooked and that might reasonably be expected to alter the court's decision." *Id.* (internal citations omitted).

Similarly, Local Civil Rule 6.3 requires a party moving for reconsideration to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3.  The Second Circuit has explained that the onus is on the moving party to point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Massop v. United States Postal Serv.*, 493 F. App'x 231, 232 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Plaintiff points to no such decisions or case law at all in his motion.

Further, "reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." *Id. (citing Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  However, a motion for reconsideration is *not* an opportunity for the moving party "to argue those issues already considered when a party does not like the way the original motion was resolved.") *Parrish*, 253 F. Supp. 2d at 715 (citing *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).  Yet, that is precisely what Plaintiff seeks to do here.

## II.     DEFENDANTS PROPERLY FILED A LOCAL CIVIL RULE 56.1 STATEMENT.

Plaintiff first makes the outlandish assertion that Defendants failed to file a Local Civil Rule 56.1 Statement because, accordingly to Plaintiff, titling the document "Defendants' Statement of Undisputed Material Facts Pursuant to FRCP 56.1" failed to alert him of the fact that Defendants were following **both** the Federal Rules of Civil Procedure **and** the Local Civil Rules governing the Southern District of New York.  Defendants would be remiss to not point out that Rule 56.1 is **only** found in the Local Civil Rules, as the Federal Rules of Civil Procedure do not contain a subsection 56.1 in its text.  However, Plaintiff believes that because Defendants

did not expressly use the word "Local" despite citing directly to the Local Civil Rule, that they did not actually file a Rule 56.1 Statement. The logic behind Plaintiff's assertion is incredulous. Plaintiff is responsible for knowing what rules – federal, local, or otherwise – apply to his motion practice. His inability to take responsibility for his own failure to follow procedure is not a basis for reconsideration.

## III.   THE COURT CONDUCTED A PROPER REVIEW OF THE RECORD.

It was Plaintiff's obligation to respond to Defendant's Rule 56.1 Statement with a "correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts." Local Civ. R. 56.1(b).[1] Each statement by Plaintiff controverting Defendants' statement of facts "must be followed by a citation to evidence which would be admissible." *Id.* 56.1(d). The rules clearly state that when the opposing party fails to respond to the movant's Rule 56.1 statement, the facts set forth in the statement are deemed admitted. *Id.* 56.1(c).

The Court "has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001)). Here, despite the fact that Plaintiff did not respond to Defendants' Rule 56.1 Statement, the Court nevertheless "engaged in its own independent review of the record, including documents, declarations, and testimony submitted by the parties" to "ensure an accurate recital of the facts. *Truitt v. Salisbury Bank & Trust Co.*, 18-cv-8386 (NSR), 2020 U.S. Dist. LEXIS 129874, at *3 (S.D.N.Y. July 21, 2020). Plaintiff's contention, therefore, that the Court disregarded his

---

[1] Defendants note that even Fed. R. Civ. P. 56 requires Plaintiff to support any assertion that he believes is a genuinely disputed fact by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence [ . . . ] of a genuine dispute." Fed. R. Civ. P. 56(a)(1)(A) and (B).

declaration is without merit.   The Court considered Plaintiff's entire submission despite his inability to properly cite the record to support his self-serving statements.

Plaintiff presents "facts" that are based entirely on unsupported assertions and distortions of the record with no citation to supporting record evidence. *See Simmons v. Woodycrest Ctr. for Human Dev., Inc.*, No. 10-cv-5193, 2011 WL 855942, at *1 n. 1 (S.D.N.Y. Mar. 8, 2011) (defendant's Rule 56.1 Statement taken as true because plaintiff's statement did not cite supporting record evidence and distorted the record); *Golden Pac. Bancorp. v. F.D.I.C.*, 375 F.3d 196, 200 (2d Cir. 2004) ("the non-moving party . . . must offer some hard evidence showing that its version of the events is not wholly fanciful."). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).  Therefore, the Court properly determined that there was no genuine issue of material fact precluding summary judgment and reconsideration is not warranted here.

## IV.    THE COURT HAD NO OBLIGATION TO DISREGARD EVIDENCE FAVORABLE TO DEFENDANTS.

Plaintiff contends that the Court was required to "overlook" evidence favorable to Defendants as the moving party.   His contention is simply false.   The Federal Rules of Civil Procedure require that a party asserting an undisputed fact "**must** support the assertion by . . . citing to particular parts of material in the record, including depositions, documents, . . . affidavits or declarations." Fed. R. Civ. P. 56(c)(1) (emphasis added).   Defendants, therefore, properly rely on, and the Court properly considered the citations to the deposition testimony and declarations of Messers. Canetele, Cahill, and Bassin.   It was Plaintiff's obligation in his opposition to identify "specific facts showing that there [was] a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Plaintiff failed to do so.  Plaintiff

does not get a second bite at the apple via a sur-reply disguised as a motion for reconsideration.

## V.     THERE ARE NO UNSUPPORTED FACTUAL DETERMINATIONS WARRANTING RECONSIDERATION.

The Court properly considered all of the papers filed by Plaintiff in opposition to

summary judgment and determined that "Plaintiff has not pointed to any evidence in the record

that credibility raises a material question of fact about whether Defendants forced him to decide

between termination or resignation." *Truitt*, 2020 U.S. Dist. LEXIS 129874, at *28.  Plaintiff

contends that that Court supposedly overlooked his evidence and made incorrect factual

determinations.  To support this bald assertion, Plaintiff identifies five factual determinations that

the Court made that he believes are "incorrect and unsupported," warranting summary judgment.

Pl. Br. at 11, ECF No. 54-1.   Defendants briefly address each of the determinations below, but

note that Plaintiff falls woefully short of his burden of showing that the Court failed to consider

any matters that were put before it on the underlying motion.  Rather, Plaintiff inappropriately

tries to resurrect and salvage his opposition brief, without success.   Reconsideration is not

warranted where the Plaintiff is merely unhappy with the factual determinations that the Court

made.

### A.     Plaintiff Did Not Point To Any Credible Evidence That Defendants Forced Him To Decide Between Termination Or Resignation.

To support his contention that he was forced to decide between termination or resignation

– which he was not – Plaintiff repeats an argument from his opposition that Mr. Cahill testified

that Plaintiff would ultimately have to decide between whether or not he wanted to continue to

run for Assemblyman.  Pl. Br. at 11.  Plaintiff's repetition fails to identify any factual matters

that the Court failed to consider.

5

Plaintiff confuses his need to make a decision with a forced resignation. The record evidence supports the Court's assessment that Plaintiff's request for outside employment was denied, and therefore he needed to choose whether or not he wanted to pursue the campaign. Plaintiff overlooks the fact that he had the option of keeping his job, had he just decided not to pursue his outside employment.

Plaintiff tries to convince the Court that he was terminated, but he was not. Rather, he affirmatively chose to leave his employment with the Bank when he found out that he was not approved for outside employment. The Court, therefore, properly concluded that Plaintiff failed to point to any credible evidence that Defendants forced him to decide between termination or resignation. Reconsideration of this determination should be denied.

**B.    Plaintiff Resigned From Defendants' Employment.**

Plaintiff argues that the Court improperly determined that he resigned because he "consistently informed the Court that his termination was involuntary." Pl. Br. at 12. Plaintiff offers no evidence of termination, other than his own unsupported opinion. Defendants, on the other hand, provided both documentary and testamentary evidence that no termination occurred. The Court properly determined that Plaintiff resigned from his employment in order to pursue his outside employment based on its review of the evidence presented in the record below. *Truitt*, 2020 U.S. Dist. LEXIS 129874, at *27.

Astonishingly, Plaintiff is contending that Defendants are attempting to "effectively amend Salisbury's Answer" by stating that Plaintiff cannot meet his *prima facie* burden because he was not terminated. Defendants are doing no such thing. Defendants' Answer denied each and every allegation in which Plaintiff contends he was terminated. Answer, ECF No. 6. Defendants also included as their first affirmative defense that Plaintiff failed "to state a claim upon which relief may be granted." *Id*. at 11. Moreover, failing to expressly state that a plaintiff

6

resigned in the Answer is not an affirmative defense that is waived under Fed. R. Civ. P. 8 or

Fed. R. Civ. P. 12(b).   Plaintiff again tries unsuccessfully to shift the blame rather than

addressing the email he wrote titled "Decision" in which he articulated his resignation and

rationale for resigning.   *See* Exhibit P of Defendants' motion for summary judgment, ECF No.

47.  A "decision" by definition means that Plaintiff had the ability to weigh his options and come

to his own conclusion about which route to pursue.   The Court properly assessed the record

evidence.  Its determination that Plaintiff resigned should not be reconsidered.

### C.   The Evidence Supports That Plaintiff Would Be Required To Spend Two To Four Days Per Week – Sixty Business Days – In Albany.

The record shows that, if Plaintiff were elected to the New York State Assembly, he

would be required to spend "at minimum 2-4 days per week – 60 business days – in Albany."

*Truitt*, 2020 U.S. Dist. LEXIS 129874, at *11 n. 5.  Plaintiff argues now that because he was

never elected to the NYS Assembly that his potential conflict is suddenly not true.   Defendants

denied Plaintiff's request for outside employment based on the information that Plaintiff

provided them for the time commitment.

The undisputed evidence shows that Plaintiff took a four-month leave of absence from

his current job in the months leading up to the election (late-July through November 6, 2018) in

order to campaign.  *See* Truitt Dep. Tr. 139:5-141:7, ECF No. 47, Ex. B.   At a minimum, it was

reasonable for Defendants to determine that Plaintiff's campaigning and potential election to the

New York State Assembly would interfere with his regular work hours and performance of his

job.  Incredibly, Plaintiff has designated an entire separate brief point to address the fact that he

did not get the job, yet is silent on the fact that he missed four months of work to campaign. Pl.

Br. at 18.  Plaintiff's inability to understand his legal burdens – both in opposing summary

judgment and for his motion for reconsideration – does not create a *prima facie* case of wrongful

7

termination.   There is no overlooked evidence Plaintiff can identify that would require reconsideration.

### D.     Plaintiff Testified That He Was Never Told His Employment Would Be Terminated Whether Or Not He Ran For Office.

As explained above in part V.A., Plaintiff ignores the fact that he could have continued to work as a Mortgage Lending Officer for Defendants.   He would not have been terminated if he chose not to pursue his campaign.   Rather, his request for outside employment was denied, and Plaintiff made the decision to resign rather than stopping his campaign.   The Court properly held:

> [T]he undisputed evidence indicates that Defendants merely presented Plaintiff with a simple choice: continue his employment at the Bank or pursue his campaign for the New York State Assembly.   There is no indication that Plaintiff would be fired no matter what he decided. In fact, the record suggests that Defendants had no intention of firing Plaintiff (or otherwise altering the terms of his employment) absent his decision to pursue the assemblyman position.

*Truitt*, 2020 U.S. Dist. LEXIS 129874, at *27-*28 (internal citations omitted).   This is not grounds for reconsideration.

### E.     No One Involved In The Decision To Deny Plaintiff's Request For Outside Employment Was Involved With Barrett's Campaign.

Once again, Plaintiff alleges a conspiracy to support his theory that Arthur Bassin, who was a supporter of Plaintiff's political opponent, Didi Barrett, was involved in his termination. Motions for reconsideration are not the place for fanciful theories and re-arguing conspiracy theories.   "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Plaintiff raised this exact argument in his opposition briefing and now wants the Court to reconsideration because he is unhappy that it did not buy into his theory the first time.   Yet, once

again, Plaintiff has failed to identify any evidence that the Court overlooked when rendering its

decisions.  Therefore, reconsideration of this issue should be denied.

## VI.      SUMMARY JUDGMENT WAS PROPERLY GRANTED AND RECONSIDERATION IS NOT WARRANTED.

Even if Plaintiff's grounds for reconsideration were valid, which they are not, he has still

failed to establish that he was wrongfully terminated because of his political activities.  As the

court correctly held:

> Plaintiff points to no testimonial or documentary evidence that seriously creates a
> question of material fact regarding Plaintiff's decision to leave his employment
> with the Bank to pursue his candidacy. Accordingly, even when drawing all
> inferences from the record in Plaintiff's favor, his departure from the Bank is best
> classified as a resignation. Thus, the remaining question is whether his resignation
> amounted to constructive termination.

*Truitt*, 2020 U.S. Dist. LEXIS 129874, at *26-*27.  Plaintiff's motion for reconsideration does

nothing to alleviate this gap in the record, nor could it.

The Court correctly determined that Plaintiff failed to establish he was constructively

discharged because the record "is devoid of any indication that Defendants deliberately made

Plaintiff's working conditions so intolerable that a reasonable person in his position would have

felt compelled to resign." Opinion at 19.  Therefore, reconsideration is not warranted here.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration should be denied and dismissed in its entirety.

Dated: August 24, 2020
      Newark, New Jersey

                                                          */s/ Jennifer I. Fischer*

                                                          Jennifer I. Fischer
Amber M. Spataro (admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
One Newark Center, 8th Floor
Newark, New Jersey 07102
jfischer@littler.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Jennifer I. Fischer, hereby certify that I am over the age of 18 and that, on August 24, 2020, I served Robert B. Lower, Esq., Mccullough Ginsberg & Partners LLP, 122 E 42nd Street, Suite 3505, New York, NY 10168, Counsel for Plaintiff, and James Coughlan, Esq., Coughlan Law Offices, LLP,  P.O. Box 72, 22 Hutton St., Rhinecliff, NY 12574, Counsel for Plaintiff, this **Defendants' Brief In Opposition To Plaintiff's Motion For Reconsideration** dated August 24, 2020, by emailing them to Counsel for Plaintiff and electronically filing them with the Southern District of New York.

Dated: August 24, 2020
      Newark, New Jersey

                                          */s/ Jennifer I. Fischer*
                                          Jennifer I. Fischer

11