UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM GUNNAR TRUITT,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>SALISBURY BANK AND TRUST COMPANY;<br>AND SALISBURY BANCORP, INC.,<br><br>　　　　　　Defendants. | Civil Action No.: 7:18-cv-08386-NSR-PED |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER DATED JULY 21, 2020**

MCCULLOUGH GINSBERG & PARTNERS LLP
122 E 42nd Street, Suite 3505
New York, NY 10168
Tel: (646) 435-0300
Counsel for Plaintiff

COUGHLAN LAW OFFICES, LLP
P.O. Box 72, 22 Hutton St.
Rhinecliff, NY 12574
Tel: (845) 802-6684
Co-counsel for Plaintiff

The fact that Mr. Truitt's political campaign constituted protected political activity under New York Labor Law § 201-d that occurred outside of Mr. Truitt's working hours, away from Salisbury's premises, and without the use of any Salisbury resources remains undisputed by the Court or Defendants.

Also undisputed, by either the Court or Defendants, is the fact that N.Y.L.L. § 201-d makes it unlawful for an employer to discriminate against an employee by prohibiting protected political activity.

> Under N.Y.L.L. § 201-d, it is unlawful for any employer to "discharge from employment or otherwise discriminate against an individual in compensation, promotion or terms, conditions or privileges of employment" because of "an individual's political activities outside of working hours, off of the employer's premises and without use of the employer's equipment or other property." N.Y.L.L. § 201-d(2)(a). . . . "Political activities" are defined by the statute as "(i) running for public office . . . ."

Opinion and Order dated July 21, 2020 ("MTD Opinion") at 15, ECF No. 52. We agree.

"[T]he record suggests that Defendants had no intention of firing Plaintiff (or otherwise altering the terms of his employment) *absent his decision to pursue the assemblyman position*." MTD Opinion at 19 (emphasis added). We agree.

"[T]he undisputed evidence indicates that Defendants merely presented Plaintiff with a simple choice: continue his employment at the Bank or pursue his campaign for the New York State Assembly." MTD Opinion at 19. We agree, and again respectfully remind the Court that this type of black letter N.Y.L.L. § 201-d violation has been consistently alleged by Mr. Truitt.[1] For this reason alone, the Court should reconsider its Opinion and deny Salisbury's Motion for Summary Judgment in its entirety.

---

[1] *See, e.g.,* Complaint at 7 ("Without more, that manufactured ultimatum was a violation of New York Labor Law."); Pl.'s MTD Opposition at 1 n.4 (directing the Court to "Ex. 8, Complaint ¶ 27").

Mr. Truitt has also repeatedly reminded the Court that Salisbury's decision to "discriminate against" Mr. Truitt for "running for public office" is "an independent basis for both finding a violation of § 201-d and denying the entirely of Salisbury's motion with prejudice."[2]

The Court and Salisbury have both acknowledged the undisputed and well-evidenced nature of the fact that Salisbury required Mr. Truitt to choose between ending his job and ending his political campaign.[3] Also thoroughly evidenced and undisputed is the fact that Mr. Truitt's political campaign occurred outside of working hours, off of the employer's premises, and without use of the employer's equipment or other property.[4]

Accordingly, because the Court, Defendants, and Plaintiff all agree Salisbury engaged in the type of discriminatory conduct proscribed by N.Y.L.L. § 201-d, this is an independent basis for denying Salisbury's Motion for Summary Judgment in its entirety and reconsidering the MTD Opinion and denying Salisbury's Motion for Summary Judgment in its entirety.

Mr. Truitt has also consistently alleged and informed the Court that Salisbury violated N.Y. Lab. Law § 201-d both by discriminating against Mr. Truitt *and* by terminating his employment.[5]

---

[2] MTD Opposition at 8; *see also* MFR at 19 (again reminding the Court that Pl.'s MTD Opposition at 8 established the "unrefuted and well-plead nature of Mr. Truitt's complaint."); MTD Opposition at 13 (again reminding the Court that forcing Mr. Truitt "to choose between keeping his job and continuing his political campaign" was a form of "flagrant discrimination against Mr. Truitt's political activity" that violated "N.Y. Labor Law § 201-d.").

[3] MTD Opinion at 19; MFR Opposition at 6 (again admitting that Mr. Truitt's "option of keeping his job" was conditioned upon "whether or not he wanted to pursue the campaign."); MTD Opposition at 2 n.6 and MFR at 11 (repeatedly informing the Court that Salisbury's Director of HR testified that he told Mr. Truitt "he needed to choose between his job at Salisbury and his campaign for New York State Assembly").

[4] MFR at 19 and MTD Opposition at 1 (repeatedly reminding the Court it remains "undisputed that Mr. Truitt's campaign for New York State Assembly constitutes protected political activity under New York Labor Law § 201-d which occurred outside of working hours, off Salisbury's premises, and without the use of any Salisbury equipment or property."). At no point during this litigation or MTD proceedings have Salisbury or the Court contested these well-evidenced facts, which Salisbury's own witnesses have confirmed. *See, e.g.*, MTD Opposition at 1 n.4, 3, 7-8.

[5] Complaint at 10, 7 (informing the Court that Salisbury's undisputed prohibition of Mr. Truitt's protected political activity was "[w]ithout more . . . a violation of New York Labor Law."); MFR at 2 (reminding the Court of "retaliation by Salisbury in violation of N.Y. Lab. Law § 201-d."); MTD Opposition at 13 (informing the Court that merely "being forced to choose between keeping his job and continuing his political campaign" constituted "discrimination against Mr. Truitt's political activity and Republican run for NYS Assembly in contravention of N.Y. Labor Law § 201-d."

Mr. Truitt's Summary Judgment Opposition also informed the Court that requiring Mr. Truitt to "choose between keeping his job and continuing his political campaign" was itself a form of "flagrant discrimination against Mr. Truitt's political activity and Republican run for NYS Assembly in contravention of N.Y. Labor Law § 201-d."

Mr. Truitt has also repeatedly informed the Court that conditioning Mr. Truitt's employment upon ending his protected political activity was an independent "violation of New York Labor Law" and "independent basis for both finding a violation of § 201-d and denying the entirely of Salisbury's motion with prejudice."[6] The Court similarly and accurately acknowledged "Defendants move[d] for summary judgment on the basis that Plaintiff has failed to establish a *prima facie* case of discrimination under N.Y.L.L. § 201-d," MTD Opinion at 14, *i.e.*, all parties and the Court have acknowledged this case is neither limited to wrongful termination nor constructive discharge case.

Salisbury accurately informed the Court that "[Mr. Truitt] would not have been terminated if he chose not to pursue his campaign." MFR Opposition at 8. We agree, and remind Salisbury and the Court that this is yet another black letter N.Y.L.L. § 201-d violation and independent basis for reconsidering the MTD Opinion and denying Salisbury's Motion for Summary Judgment in its entirety.

Although no constructive discharge is alleged in Mr. Truitt's Complaint or required for Mr. Truitt to prevail on summary judgment, the Court cites the absence of a constructive discharge as a basis for dismissing Mr. Truitt's complaint. MTD Opinion at 20. Because such a finding, even if accurate, would not constitute a valid basis for summarily dismissing Mr. Truitt's unlawful

---

[6] MTD Opposition at 8; Complaint ¶ 27.

discrimination or termination claims, this constitutes yet another basis for reconsidering the MTD Opinion with respect to Mr. Truitt's unlawful discrimination and termination claims.[7]

Mr. Truitt also respectfully submits that neither the Court nor Defendants have addressed or disputed the fact that "Salisbury's flagrant falsification of Mr. Truitt's discharge date and elimination of multiple employment benefits" themselves support "Mr. Truitt's claims of discrimination and retaliation."[8] Mr. Truitt respectfully submits that this constitutes yet another source of evidence establishing Mr. Truitt's N.Y.L.L. § 201-d claims that the Court overlooked.

For the foregoing reasons, and those set forth in Mr. Truitt's MTD Opposition and Motion for Reconsideration, Mr. Truitt again respectfully requests the Court grant this Motion for Reconsideration and deny Salisbury Defendants' Motion for Summary Judgment in its entirety with prejudice.

---

[7] MTD Opinion at 16 n.14 indicates "Plaintiff and Defendants appear to agree that the *McDonnell Douglas* burden shifting framework is applicable to this case," noting that, although the Court "need not resolve this issue," it "would seemingly make sense given the parties' agreement." For the sake of clarity, Mr. Truitt does not agree the *McDonnell Douglas* burden shifting framework governs this case and does not consent to its application. Mr. Truitt also respectfully disputes the Court's contention that he "failed to establish that he was terminated" and further disputes the Court's contention that, had Mr. Truitt failed to establish that he was terminated, his claim would "fail[] regardless of the framework applied." Mr. Truitt respectfully notes the record is void of *any* authority indicating termination is a required element of a N.Y.L.L. § 201-d claim. Mr. Truitt's contentions regarding this record's ability to satisfy standards raised by Defendants is not an agreement of its applicability to this case or endorsement of attempts by Salisbury to recharacterize Mr. Truitt's independently viable allegations of termination and discrimination in violation of N.Y.L.L. § 201-d.

[8] MTD Opposition at 15; MFR at 2 (reiterating Mr. Truitt's claim of "retaliation by Salisbury in violation of N.Y. Lab. Law § 201-d.").

MCCULLOUGH GINSBERG & PARTNERS LLP
122 E 42nd Street, Suite 3505
New York, NY 10168
Tel: (646) 435-0300
Counsel for Plaintiff

COUGHLAN LAW OFFICES, LLP
P.O. Box 72, 22 Hutton St.
Rhinecliff, NY 12574
Tel: (845) 802-6684
Co-counsel for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM GUNNAR TRUITT,<br><br>    Plaintiff,<br><br>  -against-<br><br>SALISBURY BANK AND TRUST COMPANY; AND SALISBURY BANCORP, INC.,<br><br>    Defendants. | Civil Action No.: 7:18-cv-08386-NSR-PED<br><br>**CERTIFICATE OF SERVICE** |

  I, Robert B. Lower, hereby certify that I am over the age of 18 and that, on August 31, 2020, I served Plaintiff's Reply Memorandum of Law in Support Plaintiff's Motion for Reconsideration, dated August 31, 2020, by emailing them to Counsel for Defendants and electronically filing them with the Southern District of New York.

Dated: August 31, 2020
    New York, New York

            Respectfully submitted,

            Robert B. Lower